393 A.2d 441

COMMONWEALTH of Pennsylvania, Appellee,

v.

Eddie RIVERS, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 27, 1978.

Decided Oct. 27, 1978.

Lester G. Nauhaus, John H. Corbett, Jr., Asst. Public Defenders, for appellant.

Robert E. Colville, Dist. Atty, Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

OPINION

LARSEN, Justice.

Appellant pleaded guilty to voluntary manslaughter in the death of his common-law wife, Mamie Martin. He was sentenced to a term of 2½ to 10 years' imprisonment. He subsequently moved to withdraw his guilty plea. The trial judge vacated sentence pending disposal of the motion and, upon denial of the motion, reinstated the above sentence. Appellant appeals the denial of withdrawal of his guilty plea. We affirm the court below.

The withdrawal of a guilty plea is within the discretion of the trial court. *Commonwealth v. McLaughlin,* 469 Pa. 407, 366 A.2d 238 (1976); *Commonwealth v. Morales,* 452 Pa. 53, 305 A.2d 11 (1973); *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973). Where the motion is a post-sentence motion, relief will be granted only when necessary to correct manifest injustice. *Commonwealth v. Rosmon,* 477 Pa. 540, 384 A.2d 1221 (1978); *Commonwealth v. Riggins,* 474 Pa. 507, 378 A.2d 1229 (1977); *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973). A more liberal policy toward post-sentence withdrawals would create a "sentence testing device" for defendants. *Starr, supra,* 450 Pa. at 489, 301 A.2d 592. All defendants would plead guilty, view their sentence and then seek withdrawal of the guilty plea if the "odds" favored a jury trial.

Taking cognizance of the underlying theory, we find that the trial judge erroneously (although in good faith) treated this case as a pre-sentence situation. Appellant's time for appeal could have expired before the conclusion of the hearing on the motion to withdraw the plea. In order to avoid jeopardizing appellant's possible appeal to this Court, the trial judge vacated the judgment of sentence,[1] with the intention of reinstating the judgment if appellant's motion to withdraw failed. Thus, while the motion was filed post-sentence, once the judge "turned back the clock", he felt compelled to use the pre-sentence standard. This was error. A procedural concession made only for the purpose of pre-serving an opportunity to appeal should not affect the substantive test to be used on the underlying motion.

Thus, the trial court should have used the post-sentence, "manifest injustice" test. Appellant alleges that his guilty plea was not knowing and voluntary because he did not understand the import of such a plea and because he was in a state of shock from the time of the death of the victim, his common-law wife, to the time of trial. At a hearing on April 19, 1977, the trial judge found these allegations to be unsubstantiated. The record supports the court's finding that the guilty plea was, in fact, knowingly and voluntarily made.

Appellant also makes a bare, unsubstantiated allegation of "judicial coercion" at a March 9, 1977 hearing during which he reaffirmed his guilty plea. Neither the record nor his brief indicate any basis for finding coercion.

Appellant's reasons for withdrawal of his guilty plea fail to satisfy the "manifest injustice" test. Thus, had the trial judge applied this standard, he would have reached the same decision—denial of withdrawal—as he reached under the

1. This problem has since been resolved by Pa.R.Crim.P. 321 and Pa.R.A.P. 343, adopted June 29, 1977 with an effective date of September 1, 1977. These rules, read together, require a post-sentence motion for withdrawal of a guilty plea to be filed within ten days of sentencing. The 30-day appeal period does not begin until the motion is disposed of.

more lenient (for the defendant) pre-sentencing test then prevailing. *See Forbes, supra.*[2]

We affirm the judgment of sentence.

ROBERTS, J., filed a concurring opinion in which O'BRIEN, POMEROY, NIX and MANDERINO, JJ., join.

*Opinion Expressing the Views of a Majority of the Court*

ROBERTS, Justice.

I agree that the trial court correctly denied appellant's motion to withdraw his guilty plea. This case should be analyzed under the standard for adjudicating pre-sentencing motions to withdraw pleas of guilty established in *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973). Accord *Commonwealth v. Morales,* 452 Pa. 53, 305 A.2d 11 (1973); *Commonwealth v. Santos,* 450 Pa. 492, 301 A.2d 829 (1973); *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973). Neither party argues that the post-sentencing standard the opinion of Mr. Justice Larsen employs should have been applied. Thus, the only issue before us is whether the trial court's disposition of the motion under the pre-sentencing standard was erroneous. Under the pre-sentencing standard, the trial court properly denied relief. Mr. Justice Larsen's disposition of the issue under the more stringent "manifest injustice" standard used for post-sentencing motions is inappropriate.

Further, I disagree with the opinion's purported creation of a "new" test for adjudicating pre-sentencing motions to withdraw pleas of guilty. See *Commonwealth v. Whelan,* 481 Pa. 418, 392 A.2d 1362 (1978) (Roberts, J., dissenting opinion (Part II)).

O'BRIEN, POMEROY, NIX and MANDERINO, JJ., join in this opinion.

---

**2.** The pre-sentence test for withdrawal of a guilty plea, once the Commonwealth has commenced its case, is now "compelling reasons". *See Commonwealth v. Whelan,* 481 Pa. 418, 392 A.2d 1362 (1978).