## Commonwealth v. Middleton

*Frank J. Williams*, assistant district attorney, for the Commonwealth.

*Charles N.J. Nestor, Joseph S. Nescio,* for defendant.

.STIVELY, *J.,* April 23, 1981—In considering this petition to withdraw a guilty plea after a homicide degree-of-guilt hearing but prior to sentence, the court finds that the following principles apply:

"Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made *before* sentencing . . . should be liberally allowed."

Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." United States v. Stayton, supra at 561, 408 F.2d 559, (3d Cir. 1969). If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced." ABA Standards Relating to Pleas of Guilty, supra, Sec. 2.1 (Approved Draft, 1968). As the Third Circuit noted: "The liberal rule for withdrawal of a guilty plea before sentence is consistent with the efficient administration of criminal justice. It reduces the number of appeals contesting the 'knowing and voluntariness' of a guilty plea, and avoids the difficulties of disentangling such claims. It also ensures that a defendant is not denied a right to trial by jury unless he clearly waives it." United States v. Young, 424 F.2d 1276, 1279 3d Cir. (1970). Commonwealth v. Forbes, 450 Pa. 185, 190-191, 299 A.2d 268 (1973).

"Although the court based its decision to refuse appellant's motion to withdraw his guilty plea on a finding that appellant's claim that he did not fully understand the nature and consequences of his plea was *not* to be believed, this would not in itself be

controlling on the issue of whether to permit the withdrawal of a guilty plea before sentencing in the absence of a showing of prejudice. As we said in Santos, supra, 450 Pa. 492, 301 A.2d 829 (1973):

" 'A trial court, [in presentence situations], abuses its discretion by not allowing a guilty plea to be freely withdrawn prior to sentencing when the Commonwealth would not be substantially prejudiced by the plea withdrawal.' At page 496, 301 A.2d at page 831." (Emphasis supplied.) Commonwealth v. Morales, 452 Pa. 53, 54-55, 305 A.2d 11 (1973).

Thus, the existence of substantial prejudice to the Commonwealth is the "crucial factor" in determining whether to allow the presentence withdrawal of defendant's guilty plea: Commonwealth v. McLaughlin, 469 Pa. 407, 366 A.2d 238, 241 (1976).

In support of his motion, defendant urges three grounds: (1) his degree-of-guilt hearing was violative of the Pennsylvania Rules of Criminal Procedure in that said hearing was conducted before a single judge; (2) his plea of guilty was not voluntarily and understandingly tendered; and (3) the Commonwealth would not suffer any prejudice in the event the defendant is permitted to withdraw his plea of guilty.

Defendant's first contention is without merit. Pa. R. Crim. P. 319 (c) was the only procedural rule at all applicable at the time of the entry of the guilty plea, prior Rules 351 to 355 and 319A having been rescinded. The Commonwealth's representation that it was not seeking imposition of the death penalty effectively took that issue from the case. Further, defendant was many times informed during the colloquy that the judge then addressing him

would alone determine the degree of guilt and no objection was made. Mr. Nester, then representing defendant, also explained this fact to the defendant prior to the entry of the plea and "he said it didn't matter . . . or words to that effect."

The second contention of defendant is based primarily on the allegation that "defendant's plea was involuntary and actively induced by his trial counsel." At hearing, defendant testified at length on this point and Mr. Nester responded. The evidence shows some controversy between attorney and client, particularly as to whether Mr. Nester was going to defend his client in view of something the later "told him." However, it does not support a finding that the plea was actively induced by counsel and involuntary as regards the defendant. But, as the Supreme Court pointed out in Morales, supra, at 54-55, the fact that such a finding cannot be made "would not in itself be controlling on the issue of whether to permit the withdrawal of a guilty plea before sentencing in the absence of a showing of prejudice."

The aforementioned controversy between defendant and his attorney, while not creating an "actively induced" plea of guilty, does nevertheless supply a "fair and just reason" for the withdrawal of the plea as described in Commonwealth v. Forbes, supra; Commonwealth v. Mosley, 283 Pa. Super. 28, 423 A.2d 427 (1980). See also Commonwealth v. Hall, 275 Pa. Super. 85, 418 A.2d 623, 625 (1980) requiring "a valid reason for withdrawal".

At the hearing on his motion for withdrawal of his guilty plea, defendant contended that his counsel had not advised him as to the degrees of murder or certain other rights. Most importantly, defendant testified:

"Q. In your conversations with Charles Nester, did Mr. Nester say at any time that he would not defend you in the case?

A. Yes.

Q. When was that said to you?

A. At the County Farms.

Q. Would you describe for me as best you can recollect what he said?

A. I said something to him and he said if we'd go to trial, he said he'd get up, and if I — and I went in front of a jury, he said he'd get up and tell the judge he couldn't defend me.

Q. Do you know why he said that?

A. Yeah, I know why.

Q. Okay, why?

A. I told him something. I don't know. I told him something because I thought he was going to help me, being my representative to appoint me in my case."

This statement was repeated three times by defendant during the hearing. Defendant had left school in the ninth grade and appeared to have "a problem understanding everything" so that his counsel had two psychiatric consultations for him. It seems clear that the belief that his counsel wasn't going to defend him seriously undermined any trust and confidence that he should have had in his court-appointed (public defender) attorney, and tainted his entry of a plea of guilty.

The controlling issue here becomes that raised by defendant's third contention, i.e., would the Commonwealth be substantially prejudiced by plea withdrawal? The decision of the Supreme Court in Commonwealth v. McLaughlin, supra, is very close to being dispositive here — and is certainly highly persuasive. Therein, the Commonwealth also relied upon a prior degree of guilt hearing on a homicide

charge as creating "substantial prejudice" if the plea were permitted to be withdrawn. The court held:

"In the instant case the Commonwealth presented two eyewitnesses who testified at the degree-of-guilt hearing. A review of their testimony reveals substantially similar versions of the facts surrounding the shooting. The Commonwealth contends that the presentation of the witnesses precludes withdrawal of the plea because appellant would be able to use the testimony at a subsequent trial to contradict the witnesses, and the possibility might arise that the witnesses would not appear at the trial.

"We believe that the Commonwealth's reasoning is speculation rather than "substantial prejudice." There is no indication that any of the witnesses would change their stories at a subsequent trial or not appear at the trial."[1] Id. at 241.

The McLaughlin Court proceeded to point out that accepting the Commonwealth's position that

---

1. The Commonwealth seeks to distinguish McLaughlin on the ground that only two witnesses therein testified at the degree-of-guilt hearing while here "the Commonwealth's witnesses testified on three different days to establish the basis upon which the verdict was rendered." The *nature and effect* of the hearing, however, remained the same. If evidence was presented on issues beyond the degree of guilt, that was purely the Commonwealth's election.

In connection with the possibility that key Commonwealth witnesses might not apear at trial, it should be noted that, on October 15, 1980, the Commonwealth filed a Petition to supplement record because of after discovered evidence, averring, inter alia, that Valerie Joyce Middleton (who had testified at the degree-of-guilt hearing) was a material and crucial witness and would not be available for any subsequent trial of the defendant. After the hearing thereon had been continued at least once, on January 5, 1981, the Commonwealth withdrew that petition.

substantial prejudice would result from its presentation of testimony at a degree-of-guilt hearing "would create a conflict between Rules of Criminal Procedure 319A[2] and 320 and the case law applying to those rules." Id. at 241. The court added that "the Commonwealth's compliance with Pa.R.Crim.P. 319A cannot be substantial prejudice so as to negate Rule 320 or Commonwealth v. Forbes, supra; Commonwealth v. Santos, supra; and Commonwealth v. Morales, supra."

Herein, at oral argument and in its brief, the Commonwealth relied principally upon the holding of Commonwealth v. Morales, supra, at 242.

The Commonwealth also relies on Commonwealth v. Morales to sustain its position that substantial prejudice exists given the presentation of witneses. We do not agree.

The Commonwealth's reliance on Commonwealth v. Morales is misplaced. The facts of Morales were different. In that case, the appellant pled guilty after the jury was sworn and the Commonwealth completed its case in chief, then prior to sentencing Morales attempted to withdraw his guity plea. In Morales, this court observed that to allow withdrawal of a plea after the defendant has seen the Commonwealth's case and its effect on the jury, and decided that the jury was not "favorably disposed to his cause" would be substantial prejudice to the Commonwealth.[3]

---

2. Herein, Rule 319 (c).

3. Justice Rogerts, in his concurring opinion in Morales (joined in by Justice Nix) declares that the proper basis for finding substantial prejudice therein was that defendant would, if his plea were withdrawn, have the opportunity to try again before a new jury, possibly more favorably disposed toward him. He found no prejudice in that defendant "would obtain an unfair advantage by being allowed, together with his

The Commonwealth argues that herein, "a post sentence exists legally because of the sentencing code for first and second degree murder" and that therefore this court should apply the test enunciated by Justice Larsen in his opinion in Commonwealth v. Rivers, 482 Pa. 184, 393 A.2d 441 (1978), i.e., the post sentence, "manifest injustice" test. In Rivers, defendant pled guilty to voluntary manslaughter, was sentenced to 2½ to 10 years imprisonment, and then moved to withdraw his plea. The trial judge then vacated the sentence pending disposal of the motion, denied the motion and reinstated the sentence. Justice Roberts filed an "Opinion Expressing the Views of a Majority of the Court", joined in by Justices O'Brien, Pomeroy, Nix, and Manderino, stating that Justice Larsen's "disposition of the issue under the more stringent 'manifest injustice' standard used for post-sentencing motions was inappropriate" Id at 443. Herein, the Commonwealth's argument fails because: (1) sentence had not in fact been imposed upon defendant; (2) the court, in its order finding that defendant was guilty of murder in the first degree, expressly allowed the filing of exceptions to the order and a pleading styled "Motion in Arrest of Judgment" was subsequently filed by defense counsel, contending that "the evidence introduced at the degree-of-guilt hearing was insufficient to support a conviction for murder in the first degree" — thus, the degree-of-guilt issue was still very much in litigation at the time of defendant's motion to withdraw his plea.

---

counsel, a full preview of the Commonwealth's evidence." At 57. In the present case, the Commonwealth seeks to show prejudice on the "preview" theory.

Although not mentioned in the briefs submitted, Commonwealth v. Ammon, 275 Pa. Super. 324, 418 A.2d 744 (1980) and Commonwealth v. Mosely, 283 Pa. Super. 28, 423 A.2d 427 (1980) have been considered.

In Ammon, the Superior Court upheld the refusal of withdrawal of a plea of guilty entered after only one day of trial. However, on that day the Commonwealth called it principal witness, the victim, a boy 10 years of age. His direct testimony covered 31 pages and "included the youth's explicit description of the specific sexual acts that the appellant had him perform." Id at 748. The court found prejudices to the Commonwealth if the withdrawal was permitted in the following:

(1) the appellant now has a script of the testimony of the principal Commonwealth witness, a child of tender years whose testimony because of his youth is by its nature fragile;

(2) the chief witness of the Commonwealth would have to undergo once more the psychologically distressing and even possibly harmful experience of testifying again at a public proceeding; and,

(3) it may be a device for obtaining a new jury when a defendant does not feel that the jury he has is sympathetic to his case. None of the three reasons exists here.[4]

---

4. In the Ammon opinion, Judge Cavanaugh reviews the basic principles relating to the issue involved here and then cites Commonwealth v. Whelan, 481 Pa. 418, 392 A.2d 1362 (1978), wherein the plea was entered after the conclusion of the prosecution's case, "the court stated, that under such circumstances, withdrawal should only be permitted for 'compelling reasons." Id at 748. The Whelan opinion was written by Justice Larsen and joined in by only one other justice, with four members of the court concurring in the result. Justice Roberts, in his dissent, wrote that:

The holding in Mosley was similar to that in Ammon, the Superior Court finding that the Commonwealth would be substantially prejudiced by withdrawal of the guilty plea to rape and related crimes since it presented unchallenged psychiatric testimony that its principal witness at trial, the rape victim, might well kill herself if required to testify again. There is not a scintilla of evidence, nor even argument, that anything like the Mosley factual situation exists in the present case.

The Commonwealth has failed to show "substantial prejudice" and the motion to withdraw guilty plea must be granted.[5]

---

"I believe it necessary, however, to comment upon one other aspect of the opinion of Mr. Justice Larsen. That opinion purports to create a new standard by which pre-sentence motions to withdraw guilty pleas will be adjudicated. The opinion of Mr. Justice Larsen states that where the plea was entered after the Commonwealth commenced its case at trial, pre-sentence withdrawal is permitted 'only when compelling reasons exist.' Such a test shifts the burden of proof on a motion to withdraw from the Commonwealth to the defendant. Moreover, it unduly circumscribes the broad discretion we have heretofore granted trial courts in these matters." See also concurring opinion of Justice Roberts in Commonwealth v. Rivers, 482 Pa. 184, 393 A.2d 441 (1978).

5. In Commonwealth v. Forbes, supra and Commonwealth v. Morales, supra, the Supreme Court gave weight to the defendant's "assertion of innocence". The ABA Standards Relating to Pleas of Guilty (Approved Draft, 1968) §2.1 (a)(iii) provide that the defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered." At the hearing held on the motion here being considered, the defendant testified: "I did not know what I was doing. And I felt it was involuntary manslaughter, manslaughter".

## ORDER

And now, this April 23, 1981, defendant's motion for leave to withdraw pleas of guilty entered in the above-captioned matters on February 26, 1980 is granted and the rule entered on said motion on May 30, 1980 is made absolute.