J-S48035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONZELL LEMAR | : | |
| | : | |
| Appellant | : | No. 2491 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0030272-2016

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    Filed: December 17, 2020

Appellant, Donzell Lemar, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following the denial of his petition for writ of *certiorari*. Appellant sought review of the Municipal Court's denial of his motion to withdraw his guilty plea to one count of driving under the influence of alcohol or controlled substance (DUI).[1] Appellant argues the trial court erred in applying a post-sentence standard for reviewing his motion to withdraw guilty plea. For the following reasons, we reverse.

Appellant holds a commercial driver's license (CDL) and has a March 2007 conviction for DUI. *See* N.T., 9/11/17, at 4. The Commonwealth alleged

_____

[1] 75 Pa.C.S. § 3802(a)(1).

that on October 26, 2016, Appellant again committed DUI. *See* Docket Entry, 10/26/16. On December 14th, Appellant thus pleaded guilty to one count of DUI in the Municipal Court of Philadelphia-Criminal Division, pursuant to a negotiated deal. The Municipal Court conducted a sentencing hearing on March 6, 2017,[2] at which it graded Appellant's conviction as a second offense, finding the prior DUI fell within the ten-year "look back" period. N.T., 3/6/17, at 5-7. Appellant was sentenced to five days to four months' confinement, to be served on consecutive weekends, with immediate parole after serving the minimum, and two months' reporting probation to run concurrently. *Id.* at 7, 9. Appellant was also ordered to pay a $300 fine and court costs, attend alcohol highway safety school and alcohol treatment, and be subject to a 12-month license suspension and a 12-month ignition interlock. *Id.* at 7-8.

On March 23, 2017, Appellant filed a writ of *certiorari* in the Philadelphia County Court of Common Pleas, arguing, "The lower [c]ourt abused its discretion by sentencing [him] as a second offender when he was a first offender under" 75 Pa.C.S. § 3806, Prior Offenses.[3] Appellant's Petition for

---

[2] The Municipal Court stated Appellant had been given time to consider withdrawing his guilty plea. *See* N.T., 9/11/17, at 6-7.

[3] Section 3806 of the Vehicle Code provides in relevant part:

> **(a) General rule**. Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, . . .

Writ of *Certiorari*, 3/23/17, at 1. On August 9, 2017, the trial court agreed, and thus granted Appellant's writ of *certiorari*, vacated his sentence, and remanded the case to the Municipal Court for resentencing with the DUI graded as a first offense. ***See*** Order, 8/9/17.

A resentencing hearing was held before the Municipal Court on September 11, 2017. Before sentence was imposed, Appellant orally moved to withdraw his guilty plea, claiming he was not advised his guilty plea would result in a collateral consequence: the lifetime suspension of his CDL.[4] N.T., 9/11/17, at 7, 9. Appellant's counsel, an assistant public defender, acknowledged, "I think we were ineffective." ***Id.*** at 12. The Commonwealth

---

before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

\* \* \*

**(b) Timing.—**

(1) For purposes of sections . . . 3804 (relating to penalties)[,] the prior offense must have occurred:

(i) within 10 years prior to the date of the offense for which the defendant is being sentenced[.]

75 Pa.C.S. § 3806(a)(1), (b)(1)(i).

[4] ***See*** 75 Pa.C.S. § 1611(c) (Department of Transportation "shall disqualify for life any person convicted of two or more violations of" section 3802).

objected, arguing more than one year had passed from the date the plea was entered, "resources have been spent on writs," and Appellant was "toying with the system." *Id.* at 8.

The Municipal Court asked Appellant, "Are you familiar with the grounds for withdrawing the guilty plea?," and stated, "[I]n order to withdraw your guilty plea there is a standard . . . and that's why I asked counsel if you understood the standards." N.T., 9/11/17, at 9, 12. Ultimately, the Municipal Court denied Appellant's motion, explaining: "You haven't told me anything . . . to make me reconsider . . . ." *Id.* at 14. However, the court did not specify whether it applied the pre- or post-sentence standard for withdrawal of a guilty plea. *See id.* at 4-15. The court then sentenced Appellant to serve six months' probation, attend alcohol highway safety school and alcohol treatment, and pay a $300 fine and court costs.[5] *Id.* at 14.

On October 10, 2017, Appellant filed a second petition for writ of *certiorari* to the trial court, arguing the Municipal Court erred in denying his

---

[5] We further note Appellant requested credit for time served before the hearing concluded, to which the Municipal Court responded, "You get no credit . . . because the sentence was vacated by the Court of Common Pleas[,] so we're starting from scratch." N.T., 9/11/17, 14-15.

While sentencing is not at issue in this appeal, we note the vacating of a sentence for resentencing is not, in itself, grounds to deny credit. *See* 42 Pa.C.S. § 9760(1) ("Credit . . . shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.").

motion to withdraw his guilty plea. The trial court heard oral argument on June 8, 2018. Appellant claimed "he would have never entered the plea" if he was aware his CDL would be suspended for life as a collateral consequence. N.T., 6/8/18, at 4. The Commonwealth argued it would be prejudiced with regard to "witnesses, as far as remembering [and] things of that sort." *Id.* at 5.

The trial court conducted a second hearing on August 13, 2018, at which Appellant's counsel again admitted: "At the time [Appellant] was counseled with our office and negotiated to enter a guilty plea for the mandatory minimum[,] he was not advised [the plea] would result in the loss of his livelihood and the loss of his commercial license." N.T., 8/13/18, at 5-6. The court denied Appellant's writ, explaining:

> . . . I've listened to the testimony. I've read the notes. I'm going to deny the writ. And I'm going to explain to you why.
>
> My issues that I have is that I do think the guilty plea was knowing and intelligent. I think the issue is he did not know the consequences. And say for instances [sic] if somebody needs a surgeon and they're not going to let them operate because they plead guilty to a DUI. That's not necessarily something that someone's lawyers [sic] going to be able to tell them. Or if you're a pilot you're not going to know that that might make you ineligible to fly.
>
> So I think it's more of the consequences that are occupationally specific rather [than] the fact that he actually did not knowingly and intelligently enter into the guilty plea.
>
> So, that's my decision. . . .

N.T., 8/13/18, at 11-12.

Appellant filed a timely notice of appeal on August 27, 2018, and complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement.[6]

On January 30, 2020, the trial court filed a Pa.R.A.P. 1925(a) opinion explaining, "The standard to withdraw a guilty plea **post**-sentencing is manifest injustice." Trial Ct. Op., 1/30/20, at 3 (emphasis added). The court did not discuss the reasons for applying the post-sentence standard, but concluded Appellant's lack of knowledge, that he would be banned for life from possessing a CDL, "is not an injustice as required to force any court to withdraw a guilty plea." *Id.* at 5. Thus, the court concluded "Appellant did not unknowingly or unintelligently enter in[to] the plea agreement." *Id.*

Appellant presents one question on appeal:

Should not [A]ppellant have been permitted to withdraw his guilty plea to the charge of driving under the influence, where he had no knowledge that the plea would strip him of his livelihood by subjecting him to a mandatory lifetime disqualification of his commercial driver's license?

Appellant's Brief at 4.

_____

[6] On August 30, 2018, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement within 21 days, or by September 20 2018. **See** Order, 8/30/18. On May 15, 2019 — almost eight months after this deadline — Appellant filed a concise statement, along with a request that the court accept the statement as timely filed. Appellant's counsel, the Public Defender's office, averred it had "an ongoing technological problem" receiving electronic filings and notices, and it did not discover the August 30th order until April 29, 2019. Appellant's Petition to Deem Timely Appellant's Statement of Errors Complained of on Appeal, 5/15/19, at 1-2 (unpaginated). The trial court issued an order on June 25th, deeming the concise statement timely filed. Order, 6/25/19.

Appellant argues the trial court erred in applying the post-sentence standard to his motion to withdraw. Appellant's Brief at 8. He asserts that at the time he made his oral motion, his "previously imposed sentence had been vacated[,]" he was "in a pre-sentence posture[,]" and the pre-sentence standard should therefore have been applied. *Id.* at 8-9. Appellant insists allowing him to withdraw his guilty plea would "promote fairness and justice" under "the liberal pre-sentence standard." *Id.* at 14, 16. He maintains Pennsylvania courts have expressed discontent with the acceptance of a guilty plea from a defendant who, like Appellant, had no knowledge his plea would result in suspension of his driver's license. *Id.* at 13, *citing* **Commonwealth v. Duffy**, 639 A.2d 1174, 1177 (Pa. 1994) (while holding 90-day suspension of non-commercial driver's license was a civil consequence of criminal conviction and thus defendant cannot attempt to withdraw his guilty plea in a civil proceeding, Pennsylvania Supreme Court "suggest[ed] to our legislature that it should be clearly stated on the citation . . . that a guilty plea to the offense of underage drinking will result in a license suspension"). Appellant also claims the Commonwealth's "vague objections do not constitute the type of 'substantial' prejudice required to undermine a defendant's pre-sentence withdraw of a guilty plea." *Id.* at 15. Alternatively, Appellant argues, if the post-sentence standard were to apply, he has demonstrated the denial of his motion is a "manifest injustice" because he entered the plea unaware it would automatically strip him of his CDL. *Id.* at 17. We agree relief is due.

Disposition of a motion to withdraw a guilty plea is within the sound discretion of the trial court. ***Commonwealth v. Norton***, 201 A.3d 112, 116 (Pa. 2019).

> When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

***Id.*** at 120 (citations, quotation marks, and alterations omitted). The standard applied in ruling on motions to withdraw differs depending on whether the defendant seeks to withdraw the plea before or after sentencing.

"At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty . . . ." Pa.R.Crim.P 591(A). If a motion to withdraw a guilty plea is submitted **prior** to sentencing, "the test to be applied by the trial courts is fairness and justice. If the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'" ***Commonwealth v. Islas***, 156 A.3d 1185, 1188 (Pa. Super. 2017) (citation omitted). A trial court's discretion must be "informed by the law, which, for

- 8 -

example, requires courts to grant these motions liberally and to make credibility determinations that are supported by the record." **Norton**, 201 A.3d at 121 (citations omitted).

Alternatively, a motion to withdraw submitted **after** sentencing is "subject to higher scrutiny . . . to discourage entry of guilty pleas as sentence-testing devices." **Islas**, 156 A.3d at 1188. A defendant must demonstrate a "manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea." **Id.** (emphasis removed). A guilty plea must be entered knowingly, voluntarily, and intelligently to be valid under the manifest injustice standard. **Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa. Super. 2017).

In the context of remand, "a vacated sentence is a nullity and the defendant is restored to the status of unsentenced[.]" **Commonwealth v. Johnson**, 967 A.2d 1001, 1006 (Pa. Super. 2009)(citation omitted);[7] **see also Commonwealth v. Jones**, 640 A.2d 914, 919-20 (Pa. Super. 1994) ("When a sentence is vacated and the case is remanded . . . for resentencing, the sentencing judge should start afresh."). Additionally, we find persuasive

---

[7] Although **Johnson** involved an analysis of double jeopardy jurisprudence in the context of probation revocation, we find the panel's treatment of a vacated sentence applicable to the present case. Here, while Appellant was not re-prosecuted, he was placed "in the same position he was in at the time of his original sentencing." **See Johnson**, 967 A.2d at 1006.

the "Opinion Expressing the Views of a Majority of the Court" in **Commonwealth v. Rivers**, 393 A.2d 441 (Pa. 1978),[8] for the proposition that once a sentence has been vacated, a defendant is returned to a pre-sentence posture, and any consideration of a motion to withdraw guilty plea while in that posture must be analyzed using the pre-sentence standard. **Id.** at 442.

Here, we agree with Appellant that the trial court erred in applying the post-sentence standard to his motion to withdraw guilty plea. **See** Trial Ct. Op. at 5. We conclude Appellant's motion to withdraw warranted analysis under the pre-sentence standard. Appellant's original sentence had been vacated by the trial court on August 9, 2017, and thus, he was in a pre-sentence posture at the commencement of his resentencing hearing on September 11, 2017. **See Johnson**, 967 A.2d at 1006. Before sentence was imposed, Appellant moved to withdraw his guilty plea. N.T., 9/11/17 at 6-7. Because Appellant had been "restored to the status of unsentenced[,]" and moved to withdraw his guilty plea before sentence was imposed, he need not show "manifest injustice," but only a "fair and just reason" for withdrawal.

_____

[8] In **Rivers**, Justice Larsen authored the "Opinion" of the Court. Justice Roberts filed a concurring opinion, designated an "Opinion Expressing the Views of a Majority of the Court," which was joined by Justices O'Brien, Pomeroy, Nix, and Manderino.

*See Rivers*, 393 A.2d at 442 (Opinion Expressing the Views of a Majority of the Court); *Johnson*, 967 A.2d at 1006.

Furthermore, we disagree with the Commonwealth's argument that the post-sentence standard applied pursuant to **Commonwealth v. Muntz**, 630 A.2d 51 (Pa. Super. 1995). **See** Commonwealth's Brief at 7-8. In that case, the defendant pleaded guilty, and then filed a post-sentence motion to modify his sentence, which was denied. **Muntz**, 630 A.2d at 52. On appeal, this Court vacated the sentence and remanded for resentencing. **Id.** "[P]rior to resentencing, [the defendant] orally requested permission to withdraw his guilty plea," claiming he was "influenced by mind-altering drugs." **Id.** at 52-53. The trial court denied this motion and imposed a new sentence. **Id.** On appeal, this Court affirmed the trial court's application of the post-sentence standard to the motion to withdraw, concluding "the vacating of sentence by this Court does not magically transform [the defendant's] post-sentence request to withdraw his guilty plea into a pre-sentence request." **Id.** at 54 n.6. Pertinently, this Court reasoned the defendant's "delay in presenting his request until after sentence was imposed suggests [he] was testing the sentencing process." **Id.** at 54.

Here, however, Appellant's challenge to his initial sentence was based on the miscalculation of his first DUI conviction for mandatory sentencing purposes. Additionally, his reason for withdrawing his plea was that he was not advised the conviction would result in the lifetime suspension of his CDL —

a claim twice corroborated on the record by his counsel. *See* N.T., 8/13/18, at 5-6; N.T., 9/11/17, at 12. Accordingly, we decline to extend *Muntz* to this case, and instead conclude *Rivers* is applicable. *See Rivers*, 393 A.2d at 442 (Opinion Expressing the Views of a Majority of the Court); *Johnson*, 967 A.2d at 1006.

Finally, we conclude that under the pre-sentence standard, Appellant has demonstrated a "fair and just reason" for the withdrawal of his guilty plea: namely, he entered the plea unknowing that it would result in a lifetime suspension of his CDL. *See Islas*, 156 A.3d at 1188; *Hart*, 174 A.3d at 664. Furthermore, we agree the Commonwealth did not establish it would be "substantially prejudiced" by the withdrawal. Thus, we reverse the trial court's August 13, 2018, order denying Appellant's petition for writ of *certiorari*. Appellant is permitted to withdraw his guilty plea.

Judgment of sentence vacated. Trial court's August 13, 2018, order denying Appellant's writ of *certiorari* reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/20