366 A.2d 238

**COMMONWEALTH of Pennsylvania**

v.

**Logan Warren McLAUGHLIN, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 12, 1976.

Decided Nov. 24, 1976.

John Sughrue, Public Defender, for appellant.

Richard A. Bell, Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from the plea of guilty by appellant, Logan Warren McLaughlin, to a charge of murder in the second degree in the shooting death of his wife, Mary Diane McLaughlin. On March 20, 1975, the court below sentenced appellant to a term of imprisonment of not less

than ten years nor more than twenty years in a state correctional institution.

The facts surrounding this appeal are as follows. On September 25, 1972, appellant was indicted on a general charge of murder in connection with the slaying of his wife, Mary Diane McLaughlin. Appellant fled Pennsylvania, was arrested in Arizona, and later was extradited to Pennsylvania on November 30, 1973.

On December 20, 1973, appellant entered a plea of not guilty to a general charge of murder. At the time of appellant's plea he was represented by Thomas Morgan, Public Defender, Clearfield County, and Barry Tumpson, private counsel retained by appellant's mother. Subsequently, appellant was represented by private counsel only.

In March, 1974, appellant wrote to Judge John A. Cherry requesting that defense counsel be dismissed and that the court appoint new counsel because of disagreements between appellant and his counsel. On April 1, 1974, the court refused to discharge counsel.

On July 30, 1974, appellant appeared before Judge Cherry for the purpose of entering a guilty plea pursuant to a plea bargain arranged by appellant's counsel and the district attorney of Clearfield County. However, appellant refused to plead guilty and the court set trial to commence for the next criminal term.

At the hearing, appellant's attorney, without the consent of his client, requested the court to order a psychiatric evaluation of appellant because of defense counsel's doubts concerning appellant's competency to understand and assist in his defense. The court granted defense counsel's motion. The results of the psychiatric evaluation revealed that appellant was competent. On November 27, 1974, appellant, represented by counsel, entered a plea of guilty to a general charge of murder. The guilty plea was entered pursuant to an agreement between the

410

district attorney and defense counsel. By the terms of the plea agreement, the Commonwealth certified that the charge rose no higher than murder in the second degree.

After a guilty-plea-colloquy and the Commonwealth's presentation of two witnesses to the shooting, the court below accepted the guilty plea to murder in the second degree, but deferred sentencing pending a presentence investigation.

Subsequently, appellant renewed his efforts to have defense counsel removed and replaced by the public defender's office. On February 7, 1975, the court below discharged defense counsel and appointed the public defender's office to represent appellant.

On March 14, 1975, the public defender filed a motion to withdraw the guilty plea. The bases for the motion were, *inter alia*:

1. The guilty plea was not a voluntary and knowing plea.

2. Appellant was inadequately represented by counsel.

3. The Commonwealth would not be prejudiced and the interest of justice required the withdrawal of the plea.

The court below conducted a hearing during which appellant, his mother and former defense counsel testified. A summary of the testimony shows that appellant wished to plead not guilty and that he believed that he had possible defenses to the shooting. The testimony also reveals that on numerous occasions appellant attempted to dismiss his privately-retained defense counsel. The court below denied the motion to withdraw the guilty plea and on March 20, 1975, entered judgment of sentence. This appeal followed.

Appellant argues that the court below erred in refusing to allow the presentence withdrawal of his guilty plea. We agree.

Pa.R.Crim.P. 320 provides:

"At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted. Adopted June 30, 1964. Eff. Jan. 1, 1965."

In *Commonwealth v. Forbes,* 450 Pa. 185, 191, 299 A. 2d 268, 271 (1973), this court in articulating the standards of allowing withdrawal of a guilty plea prior to sentencing, stated:

"Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.' *United States v. Stayton,* [408 F.2d 559 (3d Cir. 1969)] . . . at 561. If the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.' ABA Standards Relating to Pleas of Guilty . . .. As the Third Circuit noted: 'The liberal rule for withdrawal of a guilty plea before sentence is consistent with the efficient administration of criminal justice. It reduces the number of appeals contesting the "knowing and voluntariness" of a guilty plea, and avoids the difficulties of disentangling such claims. It also ensures that a defendant is not denied a right by trial by jury unless he clearly waives it.' *United States v. Young,* 424 F.2d 1276, 1279 (3d Cir. 1970)."

In *Commonwealth v. Santos,* 450 Pa. 492, 494–495, 301 A.2d 829, 830 (1973), we stated additional reasons for allowing liberal withdrawal of guilty pleas prior to sentencing:

" . . . However, since guilty pleas involve the simultaneous waiver of so many constitutional rights, . . . we have recently emphasized 'that a request [to withdraw] made before sentencing . . . should be liberally allowed.' *Commonwealth v. Forbes,* 450 Pa. 185, 190, 299 A.2d 268, 271 (1973).

"The trial courts in exercising their discretion must recognize that ' "[b]efore judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all the constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our Constitution." ' *Commonwealth v. Neely,* 449 Pa. 3, 6, 295 A.2d 75, 76 (1972) [concurring opinion, quoting *Dukes v. Warden, Connecticut State Prison,* 406 U.S. 250, 258, 92 S.Ct. 1551, 32 L. Ed.2d 45 (1972) (concurring opinion)]."

In *Commonwealth v. Morales,* 452 Pa. 53, 54–55, 305 A.2d 11, 13 (1973), this court, in further defining the conditions which would allow withdrawal of a guilty plea, stated:

"Although the court based its decision to refuse appellant's motion to withdraw his guilty plea on a finding that appellant's claim that he did not fully understand the nature and consequences of his plea was not to be believed, this would not in itself be controlling on the issue of whether to permit the withdrawal of a guilty plea before sentencing in the absence of a showing of prejudice. As we said in *Santos,* supra: '*A trial court, [in presentence situations], abuses its discretion by not allowing a guilty plea to be freely withdrawn prior to sentencing when the Commonwealth would not be substantially prejudiced by the plea withdrawal.*' At page 496, 301 A.2d at page 831." (Emphasis supplied.)

See also *Commonwealth v. Starr,* 450 Pa. 485, 489, 301 A.2d 592, 594.

A review of the above authorities indicates that the existence of substantial prejudice to the Commonwealth is the crucial factor in determining whether to allow a presentence withdrawal of a guilty plea. In the instant case, we are of the opinion that the trial court erred in

not allowing a presentence withdrawal of appellant's guilty plea.

On March 14, 1975, a hearing was set to impose sentence; however, the public defender made a motion to the court that appellant be allowed to withdraw his guilty plea. A review of the testimony of appellant, his former defense attorney and appellant's mother, clearly shows that a total lack of co-operation, communication and trust existed between appellant and his former defense counsel.

The record reveals the following instances of attorney-client mistrust: Appellant, in March, 1974, attempted to have defense counsel removed, but the court below refused to dismiss him. On July 20, 1974, appellant refused to acquiesce on a plea bargain negotiated by his former defense counsel with the district attorney. On February 7, 1975, appellant succeeded in his attempts to have his former defense counsel replaced with the public defender's office. We are of the opinion that given the continuous controversy between appellant and his former counsel, as evidenced by the testimony on March 14, 1975, and the repeated prior efforts of appellant to replace counsel, the court below erred in not allowing a withdrawal of appellant's guilty plea.

The Commonwealth contends that "substantial prejudice" would occur if this court were to allow appellant's guilty plea to be withdrawn. We do not agree. In the instant case the Commonwealth presented two eyewitnesses who testified at the degree-of-guilt hearing. A review of their testimony reveals substantially similar versions of the facts surrounding the shooting. The Commonwealth contends that the presentation of the witnesses precludes withdrawal of the plea because appellant would be able to use the testimony at a subsequent trial to contradict the witnesses, and the possibility

might arise that the witnesses would not appear at the trial.

We believe that the Commonwealth's reasoning is speculation rather than "substantial prejudice." There is no indication that any of the witnesses would change their stories at a subsequent trial or not appear at the trial.

■ Moreover, to accept the Commonwealth's interpretation that substantial prejudice is the presentation of testimony at a degree-of-guilt hearing would create a conflict between Rules of Criminal Procedure 319A and 320, and the case law applying to those rules.

Pa.R.Crim.P. 319A provides:

"(a) When a defendant enters a plea of guilty to a charge of murder, the judge before whom the plea is entered shall hold a hearing to determine whether the case may constitute murder in the first degree. If, after the Commonwealth's presentation of its evidence, the judge is of the opinion that the case does not rise higher than murder in the second degree, he shall proceed to hear all the evidence, determine the crime and impose sentence."

Rule 319A requires the presentation of evidence to determine the degree of guilt. Therefore, the Commonwealth's compliance with Pa.R.Crim.P. 319A cannot be substantial prejudice so as to negate Rule 320 or *Commonwealth v. Forbes, supra; Commonwealth v. Santos, supra,* and *Commonwealth v. Morales, supra.*

The Commonwealth also relies on *Commonwealth v. Morales* to sustain its position that substantial prejudice exists given the presentation of witnesses. We do not agree.

The Commonwealth's reliance on *Commonwealth v. Morales* is misplaced. The facts of *Morales* were different. In that case, the appellant pled guilty after the jury was sworn and the Commonwealth completed its case in chief, then prior to sentencing Morales attempted to

withdraw his guilty plea. In *Morales*, this court observed that to allow withdrawal of a plea after the defendant has seen the Commonwealth's case and its effect on the jury, and decided that the jury was not "favorably disposed to his cause" would be substantial prejudice to the Commonwealth. In the instant case, when appellant pled guilty no jury was empanelled, and the appellant had seen only the evidence that the Commonwealth was required to produce under Pa.R.Crim.P. 319A.

Judgment of sentence is reversed and the case is remanded with instructions to allow appellant to withdraw his guilty plea.

JONES, C. J., and EAGEN, J., concurred in the result.