392 A.2d 1362

COMMONWEALTH of Pennsylvania

v.

**Charles WHELAN, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 26, 1978.

Decided Oct. 27, 1978.

Joseph V. Bullano, Court-appointed, New Castle, for appellant.

James C. Blackman, Asst. Dist. Atty., Warren, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

On February 28, 1977, the trial of appellant Charles Whelan and his co-defendant, Harry S. Anderson, commenced. Appellant and his co-defendant were charged with criminal homicide. On March 7, 1977, after the Commonwealth placed its case in chief into evidence and after appellant and his co-defendant placed their cases into evidence, appellant pleaded guilty to the charge of being an accessory to murder. After conducting a colloquy with appellant to ascertain whether the guilty plea was made knowingly and voluntarily, the trial judge accepted appellant's guilty plea. Appellant was represented by counsel at all the proceedings.

The trial of appellant's co-defendant continued and the jury returned a verdict of not guilty as to him. On April 1, 1977, appellant filed a motion requesting permission to withdraw his guilty plea; appellant claimed that he was "less implicated" by the evidence than was his co-defendant (who was acquitted) and, therefore, "in the name of fairness", he should be permitted to withdraw his guilty plea. After holding a hearing, the trial court denied the motion and on May 2, 1977, appellant was sentenced.[1]

Appellant's first contention is that the trial court erred in accepting his guilty plea because (appellant claims) the plea was not entered in an "intelligent, understandable, and voluntary manner". This argument is without merit. Before the trial judge accepted appellant's guilty plea, the trial judge conducted a colloquy[2] with appellant in which

1. The Pennsylvania Rule of Criminal Procedure 321(a) provides that a defendant, in order to appeal the denial of a motion to withdraw a guilty plea, must file an additional motion in the trial court within ten days after imposition of sentence. This rule does not apply to appellant since he was sentenced prior to September 1, 1977, the effective date of Rule 321(a).

2. This colloquy was held in accordance with Pennsylvania Rule of Criminal Procedure 319(a) which provides that a judge "shall not accept . . . [a guilty plea] unless he determines after inquiry of

the trial judge explained: 1) the elements of the crime which appellant pleaded guilty to; 2) the punishment which appellant could be subjected to as a result of the guilty plea; 3) the terms of the plea—namely, that as a result of pleading guilty to being an accessory to the crime of the murder, the Commonwealth would not prosecute appellant as a principal in the crime of murder; and 4) that if appellant did not plead guilty, he would be presumed innocent until proven guilty and that he would be entitled to a trial by jury.[3] Appellant stated that he understood the trial judge's explanations. Additionally, appellant stated that his plea was voluntary and that he was not subjected to threats, force or coercion. Upon a review of the record, we find that the record supports the trial judge's finding that appellant's plea of guilty was tendered in a voluntary and understanding manner.

Appellant's second contention is that the trial court erred in denying appellant's request to withdraw his guilty plea. Pennsylvania Rule of Criminal Procedure 320 provides that "at any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." This Court held in *Commonwealth v. McLaughlin,* 469 Pa. 407, 366 A.2d 238 (1976) that "the crucial factor in determining whether to allow a presentence withdrawal of a guilty plea  .   .   .   (is) the existence of substantial prejudice to the Commonwealth."

the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record."

This Court held in *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976) that a judge must inquire into six areas (set forth in the Comment to Rule 319) during a colloquy to ascertain whether the defendant understands the nature and consequences of his guilty plea. The trial judge inquired into five of the six areas; that the trial judge did not inquire into the sixth area (concerning whether the defendant was aware that the trial judge did not have to accept the plea agreement reached by the Commonwealth and the defendant) is harmless error since the judge, in fact, accepted the plea agreement reached by the Commonwealth and appellant. *Commonwealth v. Skurkis,* 465 Pa. 257, 348 A.2d 894 (1975).

3.  The record indicates that there is a factual basis for appellant's plea that he was an accessory to the slaying of Francis C. Reed.

■ Appellant pleaded guilty after the Commonwealth presented its case in chief. When a defendant pleads guilty after the Commonwealth has commenced its case, we hold that the Commonwealth will be "substantially prejudiced" if the defendant is allowed to withdraw his plea. In *Commonwealth v. Morales,* 452 Pa. 53, 305 A.2d 11 (1973) where a defendant after pleading guilty at the conclusion of the Commonwealth's case in chief, requested permission to withdraw his guilty plea, this Court affirmed the trial court's refusal to permit the withdrawal, holding that "prejudice to the Commonwealth . . . although difficult to prove, may be a very real possibility. Appellant would obtain an unfair advantage by being allowed, together with his counsel, a full preview of the Commonwealth's evidence before deciding upon their trial strategy. Similarly, appellant's actions, if allowed to succeed might be a means of obtaining an entirely new jury for a defendant anytime he feels that the jury originally selected is not favorably disposed to his cause, even though there were no grounds for a mistrial."

■ Only when compelling reasons exist, such as a court's improper acceptance of a guilty plea, is a court permitted, after the Commonwealth's case had commenced and a guilty plea entered, to allow the withdrawal of the plea of guilty.

Judgment of sentence is affirmed.

O'BRIEN, POMEROY, NIX and MANDERINO, JJ., concur in the result.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I

In *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), this Court concluded that, whenever a person accused of crime elects to plead guilty, the trial court must conduct an on-the-record colloquy in full compliance with Pa.R. Crim.P. 319(a). As this Court stated in *Commonwealth v. Tabb,* 477 Pa. 115, 119, 383 A.2d 849, 851 (1978), "[a]bsent

such an on-the-record colloquy, an appellate court is unable to conclude that the plea of guilty was entered knowingly, voluntarily, intelligently, and understandingly." The opinion of Mr. Justice Larsen concedes that the record of the guilty plea colloquy indicates that no inquiry was made to ascertain whether appellant understood that the trial court was not obligated to accept the terms of the plea bargain agreement. Nonetheless, it sustains the guilty plea by invoking harmless error. I dissent.

The Comments to Rule 319(a) recommend that, at a minimum, a guilty plea colloquy must demonstrate that inquiry was made into the following:

"(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?"

In *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976), the colloquy did not include an explanation of the charges. We reversed and remanded for a new trial holding that "[f]ailure to satisfy these minimal requirements will result in reversal." Id., 466 Pa. at 547, 353 A.2d at 827.

We reaffirmed *Dilbeck* in *Commonwealth v. Willis,* 471 Pa. 50, 52, 369 A.2d 1189, 1190 (1977), stating that each of the six questions noted in the comment are "*mandatory* during a guilty plea colloquy and the failure to 'satisfy these minimal requirements will result in reversal.' " (emphasis in original). The trial court's failure to ensure defendant understood the presumption of innocence prompted our reversal and remand for a new trial. See also *Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978) (colloquy inade-

quate in absence of discussion of range of fines and sentences); *Commonwealth v. Mack,* 466 Pa. 12, 351 A.2d 278 (1976) (colloquy inadequate with regard to waiver of jury trial); *Commonwealth v. Thompson,* 466 Pa. 15, 351 A.2d 280 (1976) (insufficient factual basis established during colloquy). Each of the requirements of Rule 319(a) assures that the defendant pleading guilty fully understands what rights have been waived and what rights remain. Whether appellant understood the extent of the trial court's obligation to adhere to the terms of the agreement is as essential to a knowing and intelligent plea as each of the other requirements of Rule 319(a).

The opinion of Mr. Justice Larsen concludes that the error here was harmless because as a matter of fact the terms of the bargain were effectuated. For a guilty plea to be valid, the defendant must understand all the consequences that could flow from his plea. Whether or not those consequences do result, is not relevant to whether a plea has been entered intelligently and knowingly. Where the colloquy fails to dispel the defendant's misapprehension that the court is bound by a plea agreement, the plea cannot stand. See generally, *Commonwealth v. Zakrzewski,* 460 Pa. 528, 333 A.2d 898 (1975); *Commonwealth v. Dickerson,* 449 Pa. 76, 295 A.2d 282 (1972). As this Court concluded in *Commonwealth v. Wright,* 444 Pa. 588, 591, 282 A.2d 266, 267 (1971):

"To render an intelligent and knowing decision with respect to a choice between pleading guilty and standing trial, reason dictates that the one making the choice be aware of what each possibility entails. If he is not, his choice can hardly be said to be 'intelligent.' "

Under *Dilbeck, Willis, Kulp, Tabb, Ingram, Thompson,* and Rule 319, judgment of sentence must be reversed and appellant must be awarded a new trial.

## II

Part I of this dissenting opinion expresses my view of the dispositive issue of this appeal. I believe it necessary, how-

ever, to comment upon one other aspect of the opinion of Mr. Justice Larsen. The opinion purports to create a new standard by which pre-sentence motions to withdraw guilty pleas will be adjudicated. The opinion of Mr. Justice Larsen states that where the plea was entered after the Commonwealth commenced its case at trial, pre-sentence withdrawal is permitted "only when compelling reasons exist." Such a test shifts the burden of proof on a motion to withdraw from the Commonwealth to the defendant. Moreover, it unduly circumscribes the broad discretion we have heretofore granted trial courts in these matters.[1]

Clearly, there is no absolute right to withdraw a guilty plea. Nonetheless, in view of the gravity of a guilty plea and the numerous waivers of rights which attend it, pre-sentence motions to withdraw are to be liberally granted. *Commonwealth v. Santos,* 450 Pa. 492, 494, 301 A.2d 829, 831 (1973). Because "[i]t reduces the number of appeals contesting the 'knowing and voluntariness' of a guilty plea, and avoids the difficulties of disentangling such claims," *Commonwealth v. Forbes,* 450 Pa. 185, 191, 299 A.2d 268, 271 (1973), quoting *United States v. Young,* 424 F.2d 1276, 1279 (3d Cir. 1970), the rule of "liberality" also furthers efficient judicial administration. Accord *Commonwealth v. McLaughlin,* 469 Pa. 407, 366 A.2d 238 (1976).

Accordingly, we adopted § 2.1(b) of the ABA Standards Relating to Pleas of Guilty (Approved Draft, 1968)[2] in *Commonwealth v. Forbes,* supra, and articulated the following test for adjudicating pre-sentence motions to withdraw:

1. See Pa.R.Crim.P. 320 which provides:

"At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted."

2. § 2.1(b) provides:

"In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant must not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

426

"If the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.' "

Id., 450 Pa. at 191, 299 A.2d at 271. In *Commonwealth v. Morales,* 452 Pa. 53, 305 A.2d 11 (1973), we applied the *Forbes* test to review denial of a pre-sentence motion to withdraw where the plea had been entered after the prosecution had completed presentation of its case-in-chief. There is no reason to depart from the *Forbes* standard in this case. Applying that standard I would uphold the trial court's exercise of its discretion in denying appellant's motion because the Commonwealth would have been substantially prejudiced by withdrawal of the plea.

Since the colloquy failed to comply with the mandate of Rule 319(a) and the applicable cases, I would reverse and remand for a new trial.