473 A.2d 1358

COMMONWEALTH of Pennsylvania, Appellant,

v.

Donald Benjamin MIDDLETON, Appellee.

Supreme Court of Pennsylvania.

Argued Jan. 27, 1984.

Decided April 5, 1984.

F. Ned Hand, Stuart Suss, Asst. Dist. Attys., for appellant.

Joseph S. Nescio, West Chester, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA and PAPADAKOS, JJ.

## OPINION

PAPADAKOS, Justice.

The Commonwealth of Pennsylvania appeals a Superior Court order affirming the Chester County Common Pleas Court's grant of Donald Benjamin Middleton's motion to withdraw his plea of guilty to criminal charges.

The facts underlying this appeal are as follows: Middleton was arrested and charged with criminal homicide, kidnapping, robbery, aggravated assault, simple assault, theft of a motor vehicle, unauthorized use of that motor vehicle, and receiving stolen property. On February 26, 1980, pursuant to a plea bargain agreement with the Commonwealth, Middleton entered guilty pleas to a general charge of homicide, and also to the robbery and conspiracy charges, in exchange for the Commonwealth's promise not to seek the death penalty and to nol pros [1] all remaining charges. An on-the-record colloquy accompanied the guilty pleas. A degree-of-guilt hearing was held before the Honorable John E. Stively, Jr. of the Chester County Court of Common Pleas, who, on March 11, 1980, adjudged Middleton guilty of murder of the first degree. On May 30, 1980, Middleton moved to withdraw his guilty plea,[2] alleging that the plea had not been voluntarily or intelligently tendered. At the hearing on the motion, Middleton testified that his counsel had informed him that he would withdraw from the case if Middleton pled not guilty. The trial court held that this controversy between the defendant and his counsel constituted a "fair and just reason" for the withdrawal of the plea, and the Superior Court affirmed this determination.

There are two tests for determining whether a withdrawal of a guilty plea should be allowed: a pre-sentence test and a post-sentence test. The test for a pre-sentence motion for withdrawal of a guilty plea was articulated by this Court in *Commonwealth v. Forbes*, 450 Pa. 185, 191, 299 A.2d 268, 271 (1973), where we stated:

1. Pursuant to Pa.R.Crim.P. 313.

2. Pursuant to Pa.R.Crim.P. 320.

In determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied is fairness and justice". If the trial court finds "any just reason," withdrawal of the plea should be freely permitted, unless the prosecution has been "substantially prejudiced". (citations omitted.)

However, when the trial court considers a post-sentence motion to withdraw a guilty plea, we have held: "It is well-established that 'a showing of prejudice on the order of manifest injustice' is required before withdrawal is properly justified." *Commonwealth v. Shaffer*, 498 Pa. 342, 346, 446 A.2d 591, 593 (1982) (quoting *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973)).

In the instant case, the Commonwealth first argues that although sentence had not, in fact, been imposed on Middleton, the post-sentence test should nevertheless have been applied. The Commonwealth specifically contends that since it had stipulated that it would not seek the death penalty, a sentence of life-imprisonment was mandatory in light of the finding of murder of the first degree at the degree-of-guilt hearing. The reasoning is, therefore, that imposition of sentence on the defendant was a mere formality, and thus the post-sentence test was the proper test to apply to the defendant's motion to withdraw his guilty plea. We disagree. Here, Middleton pled guilty to robbery and conspiracy in addition to homicide; sentence, in fact, had not been imposed for any of these crimes; and, moreover, a sentencing hearing had not yet been conducted. The trial judge had discretion to make the sentences for these offenses run concurrently or consecutively, and sentencing, therefore, was not a mere formality. Furthermore, the trial judge expressly allowed the filing of exceptions to his order finding Middleton guilty of murder in the first degree, and cited these motions as showing that as far as he was concerned, "the degree of guilt issue was still very much in

litigation at the time of Defendant's motion to withdraw his plea." [3]

■ The Commonwealth next argues that even applying the pre-sentence test, Middleton has not asserted a "fair and just reason" to allow withdrawal of his plea. We hold that the trial court was correct in finding that the defense counsel's threat not to defend Middleton was a fair and just reason to allow the withdrawal. The trial court found that, although the threat by defense counsel did not create an actively induced or involuntary plea, it did constitute a fair and just reason for withdrawal of the plea. The trial judge stated: "It seems clear that the belief that his counsel wasn't going to defend him seriously undermined any trust and confidence that he should have had in his court-appointed (Public Defender) attorney and tainted his entry of a plea of guilty." We agree with this reasoning.

■ The Commonwealth next argues that it will be substantially prejudiced if Middleton is allowed to withdraw his plea. The Commonwealth urges that we apply the test set forth in Mr. Justice Larsen's opinion in *Commonwealth v. Whelan*, 481 Pa. 418, 392 A.2d 1362 (1978), where Mr. Justice Larsen stated that when the Commonwealth had already placed its case in chief into evidence *before a jury*, only when compelling reasons existed would withdrawal of a guilty plea be allowed. Although *Whelan* dealt with a pre-sentence situation, Mr. Justice Larsen was expressing the concern that defendants could use plea withdrawal in such a case as a jury testing device. He stated: "Appellant's actions, if allowed to succeed might be a means of obtaining an entirely new jury for a defendant anytime he feels that the jury originally selected is not favorably disposed to his cause ..." 481 Pa. at 422, 392 A.2d at 1364. In

---

**3.** This case is distinguishable from *Commonwealth v. Lesko*, 502 Pa. 511, 517, 467 A.2d 307, 310 (1983), in which we applied the "manifest injustice" standard to a pre-sentence motion to withdraw. In *Lesko*, the defendant's plea was to a single specific charge, second degree murder. There was no degree of guilt hearing, and no exceptions were taken to the degree of guilt "determination." Under these circumstances, sentencing was a mere formality because the defendant was aware of the only sentence imposable for the crime to which he had pleaded guilty.

the instant case, the Commonwealth's evidence was presented at a degree-of-guilt hearing, where the concerns of possible jury testing do not exist.

■ The Commonwealth asserts that it would be substantially prejudiced by the fact that defendant and his counsel were afforded a full preview of the Commonwealth's evidence. Such a preview, however, in itself does not constitute substantial prejudice. *Commonwealth v. Morales*, 453 Pa. 53, 56, 305 A.2d 11, 14 (1973) (concurring opinion by Mr. Justice Roberts, joined by Mr. Justice Nix).

■ Finally, the Commonwealth avers that it would be substantially prejudiced because certain key witnesses may change their testimony at a later proceeding. This averment is almost identical to that made in *Commonwealth v. McLaughlin*, 469 Pa. 407, 413–14, 366 A.2d 238, 241 (1976), where we stated:

> The Commonwealth contends that 'substantial prejudice' would occur if the Court were to allow appellant's guilty pleas to be withdrawn. We do not agree. In the instant case, the Commonwealth presented two eyewitnesses who testified at the degree-of-guilt hearing. A review of their testimony reveals substantially similar versions of the facts surrounding the shooting. The Commonwealth contends that the presentation of the witness precludes the withdrawal of the plea because appellant would be able to use the testimony at a subsequent trial to contradict the witnesses, and the possibility might arise that the witnesses would not appear at the trial.
>
> *We believe that the Commonwealth's reasoning is speculation rather than 'substantial prejudice'. There is no indication that any of the witnesses would change their stories at a subsequent trial or not appear at trial.* (Emphasis added).

Here, as in *McLaughlin,* the Commonwealth contends that witnesses may become uncooperative or suffer memory lapses in a future proceeding. We, again, hold that these

contentions are mere speculation and do not demonstrate substantial prejudice to the Commonwealth.

Order affirmed.

McDERMOTT and HUTCHINSON, JJ., did not participate in the consideration or decision of this case.