J-S75007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TROY WILSON | |
| Appellant | No. 2749 EDA 2013 |

Appeal from the Judgment of Sentence July 23, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004769-2011

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 01, 2015**

Appellant, Troy Wilson, appeals from the July 23, 2013 aggregate judgment of sentence of 12½ to 25 years' imprisonment, imposed after he pled guilty to one count each of aggravated assault and robbery.[1]  After careful review, we affirm.

The relevant factual and procedural history, as gleaned from the certified record, follows.  On May 1, 2013, Appellant's trial commenced, *in absentia*.  On May 7, 2013, before the close of trial, Appellant appeared in court and pled guilty.  Thereafter, on May 10, 2013, Appellant filed a motion to withdraw his guilty plea.  In said motion, Appellant argued that he could not have made "a fully informed decision as to whether to plead guilty (as

---

[1] 18 Pa.C.S.A. §§ 2702(a) and 3701(a)(1), respectively.

under the circumstances it would have been necessary to obtain full transcripts of the three previous days' proceedings given [Appellant]'s absence from trial[])[.]" Appellant's Pre-Sentence Motion to Withdraw Guilty Plea, 5/10/13, at 3.[2]  Notably, Appellant's motion did not assert his innocence as a basis for requesting to withdraw his guilty plea; however, Appellant did raise a claim of innocence at the July 23, 2013 hearing on his motion.  N.T., 7/23/13, at 25.  At the conclusion of said hearing, the trial court denied Appellant's motion and imposed the aforementioned aggregate sentence of 12½ to 25 years' imprisonment.[3]

On July 25, 2013, Appellant filed a timely post-sentence motion requesting, *inter alia*, to withdraw his guilty plea.  Post-Sentence Motion, 7/25/13, at 5.[4]  On September 17, 2013, the trial court denied Appellant's post-sentence motion.  Thereafter, on September 27, 2013, Appellant filed a timely notice of appeal.[5]

_____

[2] Appellant's motion to withdraw his guilty plea does not contain pagination; accordingly, we have assigned each page a corresponding page number.

[3] Specifically, Appellant was sentenced to ten to 20 years' imprisonment on the aggravated assault charge, and a consecutive two and one-half to five years' imprisonment on the robbery charge.

[4]  Appellant's post-sentence motion also does not contain pagination; therefore, we have assigned each page a corresponding page number.

[5] On October 9, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), and on October 24, 2013,
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issue for our review.

> Did the [trial] court err when it [] denied [A]ppellant's request to withdraw his guilty plea when the request was made by written motion prior to sentencing, [A]ppellant presented fair and just reasons for the withdrawal of his plea, and the Commonwealth was not substantially prejudiced in reliance upon [A]ppellant's plea?

Appellant's Brief at 5.

In assessing challenges to the validity of a guilty plea, we are guided by the following standard of review. Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted).

> [A] defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court. In the seminal case of *Commonwealth v. Forbes*, [] 299 A.2d 268 (1973), the Supreme Court set forth the standard for determining when a motion to withdraw a guilty plea prior to sentencing should be granted. The Court stated that "[a]lthough there is no absolute right to withdraw a

*(Footnote Continued)* ──────────

Appellant timely complied. The trial judge has since retired; accordingly, no Rule 1925(a) opinion was filed in this matter.

guilty plea, properly received by the trial court, it is clear that a request made before sentencing … should be liberally allowed." [*Id.* at 271].

*Commonwealth v. Muhammad*, 794 A.2d 378, 382-383 (Pa. Super. 2002) (internal citation omitted).

Further, in *Forbes*, "[t]he Supreme Court … fashioned a test to apply in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea[.]" *Commonwealth v. Katonka*, 33 A.3d 44, 46 (Pa. Super. 2011), *quoting Forbes*, *supra* at 271. "[T]he test to be applied by the trial courts is fairness and justice." *Id.* "If the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'" *Commonwealth v. Prendes*, 97 A.3d 337, 351-352 (Pa. Super. 2014) (citation omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014). "As a general rule, the mere articulation of innocence [is] a 'fair and just' reason for the pre-sentence withdrawal of a guilty plea unless the Commonwealth has demonstrated that it would be substantially prejudiced." *Id.* at 352 (internal quotation marks and citation omitted).

> Of the considerations outlined in *Forbes*, the critical one is the presence or lack of prejudice to the Commonwealth. … Generally speaking, prejudice would require a showing that due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled. When a guilty plea is withdrawn before sentencing, the withdrawal usually does not substantially prejudice the Commonwealth if it simply places the parties back in

- 4 -

the pretrial stage of proceedings. Mere speculation that witnesses would not appear at a subsequent trial or would change their stories does not alone rise to the level of substantial prejudice.

When, however, a defendant attempts to withdraw a guilty plea entered after presentation of the Commonwealth's case-in-chief, prejudice to the Commonwealth … although difficult to prove, may be a very real possibility. Substantial prejudice exists if a defendant obtains a full preview of the Commonwealth's evidence before deciding upon [his] trial strategy. Withdrawal of the plea also might be a means of obtaining an entirely new jury for a defendant anytime he feels that the jury originally selected is not favorably disposed to his cause…. Substantial prejudice also exists if a defendant now has a script of the testimony of the principal Commonwealth witness…. Only when compelling reasons exist, such as a court's improper acceptance of a guilty plea, is a court permitted, after the Commonwealth's case had commenced and a guilty plea entered, to allow the withdrawal of the plea of guilty.

*Id.* at 353 (internal quotation marks and citations omitted).

On appeal, Appellant asserts that "he is innocent of the charges[,]" and that "[t]his constitutes a fair and just reason for withdrawing his plea." Appellant's Brief at 20. Appellant further argues that "the record does not contain sufficient evidence that the Commonwealth would be substantially prejudiced in allowing [Appellant] to withdraw his plea and proceeding to trial." *Id.* at 27. In support of this averment, Appellant asserts that "prejudice is about the Commonwealth's ability to try its case, not about the personal inconvenience to complainants unless that inconvenience somehow impairs the Commonwealth's prosecution." *Id.* at 27-28.

Upon review, we conclude that the Commonwealth would be substantially prejudiced by allowing Appellant to withdraw his guilty plea. The record reveals that Appellant failed to appear for his jury trial set to begin on May 1, 2013. Accordingly, the Commonwealth requested to proceed *in absentia*, which the trial court granted. N.T., 5/1/13, at 4-7. A jury was empaneled and sworn in, and trial commenced on said date. The Commonwealth began the presentation of its case-in-chief over the course of the next two days. Trial was set to continue on May 7, 2013, when Appellant voluntarily appeared and expressed his desire to plead guilty. N.T., 5/7/13, at 4. The trial court then proceeded to ascertain whether Appellant was knowingly, intelligently, and voluntarily pleading guilty. ***Id.*** at 9-16.

On appeal, Appellant does not challenge that his plea was not knowingly, intelligently, or voluntarily entered; rather, he solely argues that he should be allowed to withdraw the plea because he is innocent. The courts of this Commonwealth have repeatedly held that "[a]bsent any compelling reasons, such as the court's improper acceptance of the plea, Appellant cannot show the trial court erred in refusing to allow him to withdraw his guilty plea entered after the Commonwealth had presented its case." ***Prendes***, ***supra*** at 355 (citation omitted). More importantly, our Supreme Court has explicitly stated that "[w]hen a defendant pleads guilty after the Commonwealth has commenced its case, we hold that the

Commonwealth will be 'substantially prejudiced' if the defendant is allowed to withdraw his plea." **Commonwealth v. Whelan**, 392 A.2d 1362, 1364 (Pa. 1978) (plurality), *cert. denied*, **Whelan v. Pennsylvania** 440 U.S. 926 (1979).[6]  Instantly, Appellant does not claim his plea was improperly accepted, nor has he advanced any other compelling reason as to why he should be permitted to withdraw his guilty plea.  Therefore, because the Commonwealth has presented the majority of its case in-chief, we conclude the Commonwealth has shown "substantial prejudice." **Id.**  Accordingly, the trial court properly denied Appellant's motion to withdraw his guilty plea. **See Prendes**, **supra** at 355.

Based on the foregoing, we affirm the trial court's July 23, 2013 judgment of sentence.

Judgment of sentence affirmed.

---

[6] We note that "[w]hile the ultimate order of a plurality opinion; i.e. an affirmance or reversal, is binding on the parties in that particular case, legal conclusions and/or reasoning employed by a plurality certainly do not constitute binding authority." **In the Interest of O.A.**, 717 A.2d 490, 496 n.4 (Pa. 1998).  Nevertheless, we may consider said plurality opinions as persuasive authority.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/1/2015</u>