2022 PA Super 178

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TREMAINE DIVINE JAMISON :
:
Appellant : No. 1355 MDA 2021

Appeal from the Judgment of Sentence Entered September 23, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001365-2020

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                           **FILED OCTOBER 14, 2022**

Appellant, Tremaine Divine Jamison, appeals from the judgment of sentence of 18 to 40 years' incarceration, imposed after he pled guilty to third-degree murder.[1]  For the reasons set forth below, we affirm.

On May 31, 2017, Appellant shot and killed Devon Brown (Victim) following an argument and fight between them.  N.T. Trial at 50-60, 77-78, 81-95, 115-31, 284-93, 389-91.  Appellant fled the scene after the shooting and was found by the police approximately two years later in Georgia in 2019, *id.* at 56-58, 345-48, 391, and was charged with an open count of criminal homicide and with possession of a firearm by a prohibited person.  Criminal

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

Information. Appellant moved to sever the firearms charge and that motion was granted on April 1, 2021. Trial Court Order, 4/1/21.

Appellant's jury trial on the homicide charge commenced on May 24, 2021. At trial, the Commonwealth sought a conviction of first-degree murder and Appellant in his opening statement asserted that he was not guilty because he shot Victim in self-defense. N.T. Trial at 34-35, 41-42. The Commonwealth called 13 witnesses at trial, including several eyewitnesses who testified that Appellant struck Victim first in the fight and pulled out a knife when Victim was unarmed and that after Victim also got a knife, Appellant went to retrieve a gun and shot Victim from a distance. *Id.* at 50-60, 85-95, 125-31, 285-95.

On the third day of trial, after the Commonwealth rested its case, Appellant entered a guilty plea to third-degree murder and the Commonwealth in exchange amended the criminal homicide charge to third-degree murder. N.T. Trial at 440-52; N.T. Guilty Plea at 2-11. Before the trial court accepted Appellant's guilty plea, Appellant signed a plea agreement and written plea colloquy and the trial court conducted an oral colloquy in which it confirmed that Appellant understood that he could be sentenced to 40 years in prison and understood the third-degree murder charge to which he was pleading guilty and the rights that he was giving up by pleading guilty. N.T. Guilty Plea at 3-11; Plea Agreement; Written Guilty Plea Colloquy. During the oral colloquy, Appellant expressed the view that he was not guilty and that the

- 2 -

Commonwealth had gotten witnesses to lie, but repeatedly reaffirmed that he wanted to plead guilty notwithstanding these beliefs when the trial court advised him that he could proceed with the trial. *Id.* at 7-11.

Appellant's sentencing was scheduled for July 29, 2021. N.T. Guilty Plea at 11. On July 22, 2021, Appellant, represented by new counsel, filed a motion to withdraw his guilty plea in which he asserted that the guilty plea was not voluntary and knowing, that he should be allowed to withdraw the plea because he is innocent of the charges, and that he entered the plea because his trial counsel was unprepared. Motion to Withdraw Guilty Plea ¶8. On August 31, 2021, the trial court held a hearing on the motion to withdraw the guilty plea, at which Appellant testified but did not call any other witnesses. N.T. Motions Hearing, 8/31/21, at 4-16. Following Appellant's testimony and argument by Appellant and the Commonwealth, the trial court denied the motion to withdraw the plea on the ground that the guilty plea was voluntary and knowing and that Appellant's assertion of innocence was not a sufficient basis for withdrawal of the plea because he had not proffered a plausible claim of innocence and withdrawal of the plea would substantially prejudice the Commonwealth. *Id.* at 22-24; Trial Court Order, 8/31/21. On September 23, 2021, the trial court sentenced Appellant to 18 to 40 years' imprisonment for third-degree murder. Sentencing Order. This timely appeal followed.

Appellant presents the following single issue for our review:

Did the trial court err or abuse its discretion in refusing to allow the Defendant to withdraw his plea of guilty prior to sentencing?

- 3 -

Appellant's Brief at 2. We review the trial court's denial of Appellant's motion to withdraw his guilty plea for abuse of discretion. *Commonwealth v. Baez*, 169 A.3d 35, 39 (Pa. Super. 2017); *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017).

Appellant argues that the trial court abused its discretion in denying withdrawal of his plea because he asserted that he is innocent of the charges and because his plea was not voluntary and knowing. Neither of these arguments has merit.

Where a defendant requests to withdraw his guilty plea before he is sentenced, the trial court has discretion to grant the withdrawal and that discretion is to be liberally exercised to permit withdrawal of the plea if two conditions are present: 1) the defendant demonstrates a fair and just reason for withdrawing the plea and 2) it is not shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015); *Baez*, 169 A.3d at 39; *Islas*, 156 A.3d at 1188; *see also* Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, … the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty"). Appellant's request to withdraw his guilty plea fails on both of these grounds.

A plausible claim of innocence, supported by some facts or evidence in the record, constitutes a fair and just reason for allowing pre-sentence

- 4 -

withdrawal of a guilty plea. ***Commonwealth v. Garcia***, 280 A.3d 1019, 1023, 1025-27 (Pa. Super. 2022); ***Islas***, 156 A.3d at 1191-92. Where, however, the defendant merely makes a bare assertion that he is innocent without any proffer of any supporting basis for that claim, the trial court in its discretion may deny withdrawal on the ground that the defendant has not shown a fair and just reason for withdrawal of the plea. ***Commonwealth v. Norton***, 201 A.3d 112, 120-23 (Pa. 2019); ***Carrasquillo***, 115 A.3d at 1292-93; ***Commonwealth v. Hvizda***, 116 A.3d 1103, 1105, 1107 (Pa. 2015); ***Baez***, 169 A.3d at 39-41.

Appellant's assertion of innocence here was nothing more than a bare claim of innocence. Appellant testified at the hearing only that he believed that he was innocent because he acted in self-defense, without stating any basis for his self-defense claim or pointing to any evidence or facts on which a claim of self-defense could be found plausible or colorable. N.T. Motions Hearing, 8/31/21, at 5. As the trial court found, N.T. Motions Hearing, 8/31/21, at 23-24, the evidence introduced by the Commonwealth at trial showed that Appellant shot Victim from a distance at a time when Victim posed no danger to him and therefore did not support a plausible claim of self-defense. N.T. Trial at 53-56, 91-94, 128-31, 290-95; ***see*** 18 Pa.C.S. § 505(b)(2). Appellant pointed to no evidence to the contrary. Rather, the only claim that Appellant made concerning this evidence was his subjective belief that the Commonwealth's witnesses lied, a belief that he held at the time that

he chose to plead guilty.  N.T. Motions Hearing, 8/31/21, at 15; N.T. Guilty Plea at 7-9.  Appellant pointed to no evidence that contradicted the witnesses' testimony or showed other facts concerning the crime and made no claim that he learned any new facts concerning the Commonwealth's witnesses or evidence after his plea.  The trial court therefore did not abuse its discretion in concluding that Appellant's claim of innocence was not a sufficient reason to permit pre-sentence withdrawal of his guilty plea.

Moreover, even if Appellant's claim of innocence satisfied the requirement of a fair and just reason for withdrawal of the plea, it could not support withdrawal of the plea because the record established that withdrawal of the plea would cause substantial prejudice to the Commonwealth.  Where a guilty plea is entered during a jury trial after the Commonwealth has called witnesses and presented a substantial portion of its case in chief, withdrawal of the plea is properly denied because such a plea withdrawal permits a defendant to obtain a second trial before a new jury rather than returning the parties to the situation they were in at the time of the plea and therefore causes the Commonwealth to suffer substantial prejudice.  ***Commonwealth v. Whelan***, 392 A.2d 1362, 1364 (Pa. 1978) (plurality opinion) ("Only when compelling reasons exist, such as a court's improper acceptance of a guilty plea, is a court permitted, after the Commonwealth's case had commenced and a guilty plea entered, to allow the withdrawal of the plea of guilty"); ***Commonwealth v. Morales***, 305 A.2d 11, 13 (Pa. 1973) (motion to

withdraw guilty plea properly denied on grounds of prejudice where plea was entered after Commonwealth's case in chief at trial); *Baez*, 169 A.3d at 41-42 (prejudice to Commonwealth barred plea withdrawal where three Commonwealth witnesses had testified at the time defendant entered his guilty plea); *Commonwealth v. Prendes*, 97 A.3d 337, 353, 355 (Pa. Super. 2014), *impliedly overruled on other issue by Commonwealth v. Hvizda*, 116 A.3d 1103 (Pa. 2015) (withdrawal of plea entered at trial after the Commonwealth's case in chief causes substantial prejudice to Commonwealth); *Commonwealth v. Ammon*, 418 A.2d 744, 748 (Pa. Super. 1980) (prejudice to Commonwealth barred plea withdrawal where jury had been selected and most important Commonwealth witnesses had testified at the time defendant entered his *nolo contendere* plea). Here, Appellant entered his plea on the third day of his jury trial, after the Commonwealth had presented its entire case in chief. N.T. Trial at 440-52; N.T. Guilty Plea at 2-11. Withdrawal of Appellant's plea on a ground other than involuntariness or other invalidity of the plea was therefore barred by prejudice even if Appellant had satisfied the requirement that he show a fair and just reason for withdrawal of the plea.

A guilty plea may be withdrawn, regardless of when the plea was entered or the motion to withdraw was filed, if the defendant shows that the plea was not voluntary and knowing. *Commonwealth v. Hart*, 174 A.3d 660, 664, 669 (Pa. Super. 2017); *Prendes*, 97 A.3d at 352; *Commonwealth*

*v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). To establish that a guilty plea is voluntary and knowing, the trial court must conduct a colloquy that shows the factual basis for the plea and that the defendant understands the nature of the charge to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the permissible sentencing range for the charge to which he is pleading guilty, and the court's power to reject terms of a plea agreement. *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018); *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015); *Pollard*, 832 A.2d at 522-23; Comment to Pa.R.Crim.P. 590. These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and supplemented by an oral, on-the-record examination. *Reid*, 117 A.3d at 782; *Commonwealth v. Morrison*, 878 A.2d 102, 108-09 (Pa. Super. 2005) (*en banc*); Comment to Pa.R.Crim.P. 590. A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea. *Jabbie*, 200 A.3d at 506; *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017); *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002).

The plea colloquy here amply demonstrated that Appellant's guilty plea was voluntary and knowing. The trial court's oral colloquy set forth the factual basis of the plea and fully advised Appellant of the elements of the third-degree murder charge to which he was pleading guilty and Appellant

confirmed that he understood both the factual basis of the plea and the elements of the crime. N.T. Guilty Plea at 5, 9-10. At the plea hearing and in the plea agreement that he signed, Appellant was advised and confirmed that he understood that the maximum sentence he could receive on his third-degree murder plea was 40 years' imprisonment, that his sentence would be decided by the court and that there was no agreement concerning the sentence that he would receive. *Id.* at 2-4; Plea Agreement. At the plea hearing and in the written colloquy that he signed, Appellant was also advised of his right to a jury trial and the presumption of innocence and confirmed that he understood those rights and was giving them up in pleading guilty. N.T. Guilty Plea at 4-7; Written Guilty Plea Colloquy at 3-6. Indeed, the trial court specifically advised Appellant that by pleading guilty he gave up all rights to challenge his conviction, except for challenges to the court's jurisdiction, challenges to the voluntariness of his plea, and challenges to the sentence that the court imposed, and Appellant confirmed that he understood that those were the only challenges that he could raise if he pled guilty. N.T. Guilty Plea at 10-11. Appellant confirmed in his written plea colloquy that he understood that the trial court was not required to accept the plea agreement. Written Guilty Plea Colloquy at 7.

In addition, Appellant confirmed that he was not threatened or coerced into pleading guilty. N.T. Guilty Plea at 9; Written Guilty Plea Colloquy at 8-9. Although Appellant expressed unhappiness with the plea during the plea

hearing and stated that he thought that the Commonwealth's witnesses lied and felt that the Commonwealth by the evidence it introduced against him was forcing him to plead guilty, he repeatedly stated that he nonetheless wanted to plead guilty rather than proceed with the trial. N.T. Guilty Plea at 7-9, 11. After Appellant expressed dissatisfaction with the plea, the trial court made clear to Appellant that it was Appellant's choice whether to plead guilty and that he could proceed with the trial and Appellant unambiguously responded that he wanted to plead guilty:

> Q. Okay. So after going over this [written plea colloquy] with your lawyer, you felt comfortable enough to sign it; correct?
>
> A. No. I didn't feel comfortable. I feel like it lied on me.
>
> Q. I'm sorry?
>
> A. I feel like it lied on me. I did all that to do all this to me. I feel like you gave me a very messed up trial. You got people to come in and lie on me. That's what I feel like.
>
> Q. All right. Well –
>
> A. You got people come in and lie on me.
>
> MR. SAURMAN [Appellant's trial counsel]: Mr. Jamison, do you understand the evidence is up to the jury to decide the truth.
>
> THE COURT: Look, at the end of the day –
>
> [THE DEFENDANT]: The DA lied on me. They had these people come and lie on me. Yes, yes. I want to say my piece. Yes, I feel like the DA had people come lie on me. So now I'm suffering for something I ain't even do, yeah.
>
> **THE COURT: Look, no one is forcing you in any way, shape or form to enter a guilty plea. You've got to do it of your own volition and I've got to be satisfied that you're doing**

**it of your own volition. The jury is waiting to continue this trial if that's what you want to do.**

THE DEFENDANT: Can I say something?

THE COURT: Mr. Jamison, I understand there are things you want to say. You've said them –

**THE DEFENDANT: I'm good, sir.**

THE COURT: From my perspective, I need to know what –

**THE DEFENDANT: I'm good, sir. I'm good. I apologize.**

**THE COURT: No need to apologize. Okay. Do you want to continue and proceed?**

**THE DEFENDANT: No, no.**

**MR. SAURMAN: Do you want to plead? Is that what you're saying?**

**THE DEFENDANT: Oh, yeah, yeah, yeah.**

*          *          *

Q. -- I understand that you weren't necessarily comfortable with it, but you did go over this document explaining your rights and you signed the final page?

A Uh-huh.

Q. Okay. And you've indicated in that document, and correct me if I'm wrong, that no one has threatened you in any way to plead guilty?

A. No, sir.

Q. No one is forcing you in any way to plead guilty?

A. I feel like the DA is. Is forcing me to plead guilty. I feel like that.

Q. Well, I take that comment to mean that the evidence that's been presented that you don't agree with?

A. At all. Not at all.

Q. Right. I understand that. Okay. Again, at the end of the day, **the question that I need to know is whether or not you want to proceed with your guilty plea?**

**A. With the guilty plea, yes.**

**Q. Okay. And you seem clear on that?**

**A. Yes.**

*Id.* at 7-9 (emphasis added). Appellant also represented to the trial court that he had fully discussed the plea with his trial counsel and was satisfied with trial counsel's representation of him. *Id.* at 4-6; Written Guilty Plea Colloquy at 8.

Appellant argues that his guilty plea was not knowing and voluntary because his trial counsel allegedly misadvised him concerning the sentence he would receive, because his trial counsel allegedly was not properly representing him at trial, and because he was allegedly led to believe that he could freely withdraw his plea. None of these contentions provides any basis to conclude that Appellant's guilty plea was invalid.

These contentions are all based on Appellant's testimony at the plea withdrawal hearing. N.T. Motions Hearing, 8/31/21, at 5-10, 15. The trial court, who had the opportunity to observe Appellant's demeanor, found that Appellant's testimony at the hearing was not credible. Trial Court Opinion at 9. This Court is bound by that credibility determination. *Commonwealth v.*

- 12 -

***Williams***, 198 A.3d 1181, 1186 (Pa. Super. 2018) ("This Court will only overturn a trial court's credibility determination if it is irrational"); ***Commonwealth v. Brown***, 23 A.3d 544, 551 (Pa. Super. 2011).

Moreover, Appellant's factual assertions are contradicted by the record from his plea hearing. As discussed above, the plea hearing transcript and plea agreement show that Appellant knew that he could be sentenced to up to 40 years in prison and that there was no agreement that he would receive any lower sentence. N.T. Guilty Plea at 2-4; Plea Agreement. Appellant specifically represented in his written plea colloquy that he was satisfied with his trial counsel and the dissatisfaction that he expressed at the plea hearing was with the Commonwealth's conduct and the witnesses' testimony against him, not with his counsel's preparation or performance at trial. Written Guilty Plea Colloquy at 8; N.T. Guilty Plea at 7-9.

Although two questions in the written plea colloquy referred to the possibility of challenging his guilty plea based on ineffective assistance of counsel, those questions did not advise Appellant that he had an automatic right to withdraw his plea. Written Guilty Plea Colloquy at 6-7. Even if those questions were capable of the interpretation that Appellant argues, he was not led to believe that he could freely withdraw his guilty plea because the trial court clearly advised Appellant that his only rights to challenge the plea would be limited to challenges to the trial court's jurisdiction and the voluntariness of his plea. N.T. Guilty Plea at 10-11. In any event, misunderstanding by the

defendant concerning the standard for withdrawal of his plea does not make the plea involuntary or unknowing where, as here, the defendant was properly advised of the rights he is waiving by his plea, the possible sentence that he can receive and the factual basis and elements of the offense to which he is pleading. **Prendes**, 97 A.3d at 344-45, 351-53.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/14/2022</u>