J-S15037-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ABDUL RASHEED | : | |
| | : | |
| Appellant | : | No. 1366 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 18, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013839-2016

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.: FILED APRIL 24, 2019

Appellant, Abdul Rasheed, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his open guilty plea to third-degree murder, aggravated assault, persons not to possess firearms, receiving stolen property, firearms not to be carried without a license, false identification to law enforcement, and possession of heroin.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 2702(a)(1), 6105(a)(1), 3925(a), 6106(a)(1), 4914(a), and 35 Pa.C.S.A. § 780-113(a)(16), respectively.

_____

* Retired Senior Judge assigned to the Superior Court.

DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA?

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Anthony M. Mariani, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (See Trial Court Opinion, filed November 30, 2018, at 8-13 unpaginated) (finding: on date of sentencing, prior to imposition of sentence, Appellant read pro se statement (while represented by counsel) seeking to withdraw his guilty plea due to "innocence, coercion, duress"; Appellant provided no reasons to support these contentions and made no demonstration that withdrawal of his plea would promote fairness and justice; record shows Appellant understood nature of charges and entered plea knowingly and voluntarily; ADA presented factual basis for guilty plea, and Appellant did not object; Appellant completed written colloquy, and court conducted on-record colloquy; at guilty plea hearing, Appellant stated he was not forced to enter plea and had enough time to discuss plea with counsel; Appellant failed to develop his allegations of innocence, coercion, and duress; court properly denied request to withdraw guilty plea). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   4/24/2019

FILED

ORIGINAL
Criminal Division
Dept. Of Court Records
Allegheny County, PA

2018 NOV 30 AM 9: 22

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

DEPT OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY, PA

CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) |
| vs. | ) CC No. 201613839 |
| | ) |
| ABDUL RASHEED | ) |
| | ) |
| Defendant. | ) |
| | ) |

## OPINION

Mariani, J.

    This is a direct appeal wherein the defendant, Abdul Rasheed, appeals from the judgment of sentence of June 18, 2018. On May 29, 2018, the defendant pled guilty before this Court to one count each of Third Degree Murder, Aggravated Assault, Possession of a Firearm – Prohibited, Receiving Stolen Property, Firearms Not to Be Carried Without a License, Possession of Heroin and False Identification to Law Enforcement Officer. Relative to the conviction for Third Degree Murder, this Court sentenced the defendant to a term of imprisonment of not less than 20 years nor more than 40 years. Relative to the convictions for Aggravated Assault, Possession of a Firearm – Prohibited and Possession of Heroin, this Court sentenced the defendant to consecutive terms of imprisonment of not less than one year nor more than two years. The aggregate sentence imposed on the defendant was a term of imprisonment of not less than 23 years nor more than 46 years.

On February 6, 2017, Defendant appeared before the court, with court-appointed counsel, in response to the Commonwealth's motion for a finding of bail ineligibility. During that proceeding, the Commonwealth's attorney indicated that a witness, who was specifically identified, would testify that on October 29, 2016, the witness and another person were walking on a city street when they saw the defendant riding as a passenger in a vehicle. The vehicle stopped next to them, the defendant got out of the vehicle with a firearm in his hand and then the defendant demanded money from the witness and her companion for a debt they owed for drugs. When the witness and her companion indicated that they didn't have the money, the defendant shot the witness in her right leg. Both the witness and her companion ran away but, as they did so, the witness' companion was shot two times, once in the head, once in the trunk. The companion died as a result of being shot by the defendant.

The Commonwealth's attorney advised that, due to the facts presented, she would be seeking first degree and/or second degree murder convictions, and, accordingly, pursuant to Article 1, Section 14 of the Pennsylvania Constitution, the defendant was not entitled to bail.

Other information presented to the court indicated that the surviving victim of the events of October 29, 2016, did appear at a preliminary hearing in this case which the defendant attended, and did testify in accordance with the proffer made by the

Commonwealth's attorney. The Court was informed that the surviving victim positively identified the defendant as the shooter.[1]

The Court granted the Commonwealth's motion. In doing so, the Court advised the defendant that a conviction for murder of the first degree or murder of the second degree would result in a mandatory sentence of life in prison without the possibility of parole.

From the time of the preliminary hearing until the time of the bail hearing, the defendant was represented by court-appointed counsel. A jury trial was scheduled for April 17, 2017. However, the trial was postponed on request of defense counsel for additional trial preparation time and "to provide client with reasonable period of time to contemplate any offer, if there's going to be one." Trial was rescheduled for July 17, 2017.

On May 31, 2017, a privately-retained attorney entered his appearance on behalf of the defendant. On June 5, 2017, new defense counsel requested a postponement of the trial date, advising that, "defense counsel was recently retained and respectfully requests additional time to obtain discovery and prepare for trial." Trial was rescheduled for September 7, 2017. On September 6, 2017, privately- retained counsel requested another postponement for "additional time to review several hours of jail calls recently disclosed by the Commonwealth." Trial was re-scheduled to January 22, 2018. The

---

[1]The transcript of the preliminary hearing has been made part of the record of this case.

defendant also had a criminal court matter scheduled in the state of New York which eventually caused another delay of the trial.

On May 29, 2018, this case was scheduled to proceed as a non-jury trial.[2] However, the defendant's counsel requested a postponement because the defendant wouldn't talk to him and the defendant said he wanted new representation. The court and the defendant engaged in discussion concerning the defendant's complaints about his privately-retained attorney. The court told the defendant that if he could obtain another lawyer to handle his case and be ready to go to trial within two months, the court would grant one more postponement. At one point, when the defendant was told to talk to his privately-retained attorney about how he [the defendant] could manage to be ready with another lawyer in two months, the defendant replied, "I don't need to talk to him. I want another lawyer."

Nonetheless, the court called a recess in the defendant's case and sent the defendant back to the holding area to talk with his privately-retained attorney. After that recess, the court called the defendant back into the courtroom, but because the Commonwealth wasn't ready to proceed, another recess was taken for the lunch hour.[3]

The defendant appeared before the court with his privately-retained counsel after lunch. The court had been advised that the defendant intended to enter a guilty plea pursuant to a plea bargain. The court addressed the defendant directly about his

---

[2] The defendant and his counsel had withdrawn the defendant's request for a jury trial.
[3] For reasons this court can't explain, the lunch hour in the Allegheny County Court of Common Pleas, Criminal Division, is generally 90 minutes long.

intentions. The defendant told the court that he had changed his mind about his privately-retained attorney. The court and the defendant had the following exchange:

> The Court: "This morning your lawyer was asking for a postponement. You and he were having trouble communicating, doing things he should have done. You and I had a discussion about various legal points. You went downstairs and talked to your lawyer about what you wanted to do. I also told you if you insisted on, for lack of a better term, firing [privately retained counsel] and wanted to replace him, no more postponements would be granted based on the history of this case which is three defense postponements. That's the last conversation we had. Tell me what you intend to do now and why.
>
> The Defendant: Well, I'm taking an open guilty plea to murder of the third degree because of the reasons set forth. As far as this morning, I'm pleading, and I want to put this behind me.
>
> The Court: Did you have enough time to talk to [privately retained counsel] about this?
>
> The Defendant: Yes.
>
> The Court: Do you understand if you wanted to stop things and get the postponement to get another lawyer, I would give you that chance?
>
> The Defendant: Yes.
>
> The Court: Do you want to proceed today?
>
> The Defendant: Yes."

The court then read the charges to the defendant, indicating that the minimum penalty for murder in the first degree for a non-capital case is life imprisonment without parole. The court also advised the defendant of the maximum sentences at the additional charges of attempted murder, two counts of robbery, aggravated assault, person not to possess a firearm, receiving stolen property (firearm), carrying a firearm in a vehicle without a license, possession of heroin with intent to deliver (second or subsequent),

simple possession of heroin (second or subsequent) and false identification to law enforcement.

The Commonwealth's attorney then advised the court of the plea agreement. The defendant would plead guilty to third degree murder (first and second degree murder were withdrawn by amending the murder charge to third degree murder); the attempted murder charge, both robbery charges and the charge of possession of heroin with intent to deliver would be withdrawn. The defendant would plead guilty to the remaining charges. The Court would determine sentence.

The court stated the maximum possible sentences for the charges to which the defendant was going to plead guilty. After some discussion with counsel and the defendant, the court reviewed the terms of the plea agreement with the defendant. The defendant acknowledged that he agreed to those terms. The court then referred to the written guilty plea colloquy submitted by the defendant and his counsel.[4] The defendant indicated that he read and understood each question, provided truthful answers to the questions and then signed the document.

The court also engaged in an oral colloquy with the defendant which established, among other things, by the defendant's direct answers to the court's direct questions, that the defendant was not forced to enter into the plea agreement, that no other promises were made to the defendant, and that the defendant was satisfied with the advice and

---

[4] The written guilty plea colloquy is eleven pages in length, consisting of sixty-eight separate questions and is part of the record of this case.

representation of his privately-retained attorney. After confirming that sentencing was to occur at a later date, the court then addressed the defendant as follows:

> The Court: Everybody is relying on the fact that you are waiving your right to trial; do you understand that? Is that what is happening here?
> The Defendant: Yes

The Commonwealth's attorney indicated that in addition to the affidavit of probable cause attached to the criminal complaint, factual support for the charges was supplied through numerous scientific witnesses (whose testimony she summarized) and documentary evidence which she identified.

In response to the court's questioning, the defendant indicated that he did not dispute the factual presentation of the Commonwealth's attorney. The court then reviewed with the defendant and counsel the fact that although the Commonwealth's original theory of the case involved a murder charge that carried a life sentence, by virtue of the plea agreement which amended the murder charge and withdrew two robbery charges, the defendant's maximum possible sentence on the murder charge was forty years in prison, not life without parole. The defendant indicated that he understood that.

The court asked the defendant if he was pleading guilty to all the charges set forth in the plea agreement because he was guilty. The defendant answered, "yes."

On June 18, 2018, the defendant appeared for sentencing. The Commonwealth's attorney presented the testimony of the mother of the deceased victim. The defendant then addressed the court. After making complaints about his attorney and about how the prior court proceeding occurred, the same complaints he had knowingly abandoned on May 29, 2018, the defendant requested to withdraw his plea "due to innocence, coercion, duress."

The court did not permit the defendant to withdraw his guilty plea, noting that the defendant presented himself at the guilty plea hearing as making a knowing and voluntary decision, noting that the defendant and his attorney bargained for and receiving a withdrawal of murder charges which carried life sentences on facts which, if proved beyond a reasonable doubt, [5] would require that a mandatory life sentence be imposed on the defendant, and after the Commonwealth relied on the defendant's entering a guilty plea pursuant to the plea agreement such that trial witnesses were not brought to the courthouse on the day of sentencing.

The defendant claims that this court erred by denying his motion to withdraw his guilty plea. Two different standards exist for reviewing requests to withdraw a guilty plea, one for pre-sentence requests to withdraw and one for post-sentence requests to withdraw. Commonwealth v. Flick, 2002 PA Super 189, 802 A.2d 620, 623 (Pa. Super.

---

[5] It must be emphasized that those facts supported the Commonwealth's theory of felony murder and were summarized at the bail hearing and the plea hearing for which the defendant offered no dispute. Additionally, the surviving victim had testified under oath, as to those same facts, at the preliminary hearing which the defendant attended.

2002). The Supreme Court has explained that there is no absolute right to withdraw a guilty plea however, a pre-sentence request to withdraw a guilty plea should be liberally granted when there exists any fair and just reason for the withdrawal. Commonwealth v. McLaughlin, 469 Pa. 407, 366 A.2d 238 (1976); Commonwealth v. Forbes, 450 Pa. 185, 299 A.2d 268, 271 (1973). Post-sentence motions for withdrawal, however, are subject to a higher standard.

"Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed." Commonwealth v. Kpou, 153 A.3d 1020, 1022 (Pa. Super. 2016). "In determining whether to grant a presentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice." Commonwealth v. Elia, 83 A.3d 254, 262 (Pa. Super. 2013) (cleaned up). Therefore, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth. Commonwealth v. Carrasquillo, 631 Pa. 692, 115 A.3d 1284, 1287 (2015) (citation omitted).

However, as our Supreme Court has admonished, when the basis for a presentence request to withdraw a guilty plea is based on a claim of actual innocence, "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant [a presentence motion to withdraw a guilty plea]." Carrasquillo, 115 A.3d at 1285. As set forth in Carasquillo,

More broadly, the proper inquiry on consideration of such a

withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

Id. at 1292

In this matter, the defendant, while represented by counsel, simply read a statement to this Court requesting, *pro se*, that he be permitted to withdraw his guilty plea due to "innocence, coercion, duress". The defendant made his request just before sentence was about to be imposed. He didn't file a motion seeking to withdraw his guilty plea nor was such a motion presented by him or by his counsel at the beginning of the sentencing hearing. He provided no reasons to support these contentions and he made no colorable demonstration that a withdrawal of his plea would promote fairness and justice.

The defendant did not develop any evidence that he was coerced into entering a guilty plea. In Commonwealth v. McCauley, 797 A.2d 920 (2001) the Superior Court, citing Commonwealth v. Stork, 737 A.2d 789, 790-791 (Pa. Super. 1999), appeal denied, 564 Pa. 709, 764 A.2d 1068 (2000) explained that

> [o]nce a petitioner has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the petitioner understood the nature of the charges against him, the voluntariness of the plea is established. Determining whether a petitioner understood the connotations of his plea and its consequences requires an

examination of the totality of the circumstances surrounding the plea.

The minimum inquiry required of a trial court must include the following six areas: (1) Does the petitioner understand the nature of the charges to which he is pleading guilty? (2) Is there a factual basis for the plea? (3) Does the petitioner understand that he has a right to trial by jury? (4) Does the petitioner understand that he is presumed innocent until he is found guilty? (5) Is the petitioner aware of the permissible ranges of sentences and/or fines for the offenses charged? (6) Is the petitioner aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement? McCauley, 797 A.2d at 920; Commonwealth v. Young, 695 A.2d 414, 417 (Pa. Super. 1997).

This examination may be conducted by defense counsel or the attorney for the Commonwealth, as permitted by the judge. Pa. R. Crim. P. 590. Moreover, the examination does not have to be solely oral. Nothing precludes the use of a written colloquy that is read, completed, and signed by the petitioner, made part of the record, and supplemented by some on-the-record oral examination. Commonwealth v. Moser, 921 A.2d 526, 529 (Pa.Super. 2007); see also Comment to Pa.R.Crim.P 590. Importantly, a defendant who chooses to plead guilty is bound by the statements he or she makes in open court while under oath and he or she may not later assert grounds for withdrawing the plea which contradict the statements made at his plea colloquy. Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa.Super. 2003) citing Stork, 737 A.2d at 790-791.

The record in this case is clear that the defendant understood the nature of the charges to which he ultimately pled guilty and, therefore, his guilty plea was entered knowingly and intelligently. The Court reviewed all of the charges filed against the defendant as well as the charges to which he ultimately pled guilty. The Assistant District Attorney presented a factual basis for the guilty plea and the defendant did not object to the presentation of the Assistant District Attorney. The defendant completed an exhaustive written guilty plea colloquy clearly evidencing his awareness of his pertinent constitutional and procedural rights including, but not limited to, his right to a jury trial and the presumption of innocence. This colloquy is part of the trial court record. The Court went over some of these rights during an on-the-record colloquy at the sentencing hearing. The Court reviewed the original charges contained in the Information and the charges to which he pled guilty with the defendant and the defendant indicated that he discussed those charges with his trial counsel. The Court specifically outlined the proposed plea agreement and the defendant orally indicated his understanding of the plea agreement. The Court clearly explained the defendant's rights relating to a jury trial. The defendant acknowledged on the record his decision to waive that right. The defendant also indicated that he was aware of the maximum potential penalties that could be imposed. The Court also asked the defendant if anyone had forced him to enter the plea agreement. He responded "No". The defendant stated that he had enough time to speak with his attorney about his case and that he was satisfied with the advice provided by counsel. The defendant cannot now contradict the statements he made under oath at the time of the guilty plea. The totality of the trial court record indicates that the

defendant knowingly and voluntarily entered his guilty plea. Defendant did not develop any claims that he was actually innocent or that his guilty plea was induced by coercion or duress. The oral *pro se* request to withdraw his guilty plea was properly denied. Accordingly, the judgment in this case should be affirmed.

By the Court:

Date: November 29, 2018

J.